Annika K. Martin (*pro hac vice forthcoming*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Mark P. Chalos (*pro hac vice forthcoming*)
Betsy A. Sugar (*pro hac vice forthcoming*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
Facsimile:  615.313.9965

Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone:  510.500.9634

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3<br><br>Plaintiff,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | Case No. 5:26-cv-2246<br><br>**ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to Civil Local Rule 7-11, Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 (collectively "Plaintiffs") respectfully request an order permitting them to proceed pseudonymously in this matter to protect their identity from public disclosure and further harm.

**INTRODUCITON**

The nature of these allegations is extremely sensitive. All three Plaintiffs allege that the Defendants, X.AI Corp. and X.AI LLC (collectively "xAI"), through its artificial intelligence ("AI") image generation tool, Grok Imagine ("Grok"), used their minor-age photographs to generate child sexual abuse material ("CSAM") in which Plaintiffs are reasonably identifiable. Public disclosure of Plaintiffs' identities would expose them, two of whom are still minors, to severe reputational harm, re-victimization, social stigma, and potential physical danger. Accordingly, Plaintiffs respectfully request that the Court grant leave to proceed under the pseudonyms "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3" throughout this litigation.

**LEGAL STANDARD**

Though there is a presumption in litigation that parties proceed under their real names to promote the public's right to access judicial proceedings, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has established that pseudonyms are permitted where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Id.*

Courts in this district regularly grant requests for plaintiffs to remain anonymous where allegations involve the sexual exploitation of a minor. *See, e.g., Doe v. Lee*, No. 13-CV-04029, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014) (allowing a plaintiff alleging "unauthorized and illegal distribution of indecent photographs of a minor" to proceed under pseudonym); *D.A. v. Roblox Corp.*, No. 25-CV-08866-JST, 2025 WL 2961796, at *1 (N.D. Cal. Oct. 20, 2025)

ADMIN. MOTION TO PROCEED UNDER PSEUDONYM
CASE NO. 5:26-CV-2246

("While the Court recognizes the importance of public access to court proceedings and the identifies of litigants, it also agrees with Plaintiffs that details of sexual exploitation of a child constitute highly sensitive subject matter" to warrant permitting the plaintiff to proceed under a pseudonym.); *Doe H. C. v. Roblox Corp.*, No. 25-CV-08076-AGT, 2025 WL 2721688, at *1 (N.D. Cal. Sept. 24, 2025) (permitting plaintiff to proceed under pseudonym where alleging "grooming, manipulation sexual harassment, and sexual exploitation of the minor child"). *See also Doe v. X.AI Corp., et al.*, No. 5:26-cv-772-PCP, Dkt. 9, at 3 (Jan. 29, 2026, N.D. Cal.) ("granting motion for plaintiffs to proceed under pseudonym where 'the highly sensitive, personal, and sexual nature of Plaintiff's deepfake weighs strongly in favor of allowing Plaintiff to proceed anonymously.'" (internal citation omitted)).

## DISCUSSION

### A.   The matter involves sensitive and highly personal information.

Given that the allegations concern "a matter of sensitive and highly personal nature" involving the depiction of Plaintiffs as reasonably identifiable minors in CSAM, Plaintiffs should be allowed to proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068. *See, e.g., Lee*, 2014 WL 630936, at *3; *D.A.*, 2025 WL 2961796, at *1; *Doe H. C.*, 2025 WL 2721688, at *1. Plaintiffs Jane Doe 2 and Jane Doe 3 are still minors, which further favors permitting them to proceed under pseudonym. *See D.A. v. Roblox Corp.*, 2025 WL 2961796, at *1 (noting plaintiff who wishes to proceed under pseudonym a minor). While Jane Doe 1 is a legal adult, she is still in high school, and her allegations relate to images from when she was still a minor. *See generally D.A.*, 2025 WL 2961796, at *1; *Doe H. C.*, 2025 WL 2721688, at *1.

### B.   Identifying Plaintiffs would expose them to a risk of harm.

Courts have recognized that in today's hyper-connected age, "[s]hould Plaintiffs be forced to file under their real names, all of [plaintiffs'] information would be easily searchable such that anyone with internet access will have all the necessary information to quickly ascertain Plaintiffs'

identity." *D.A.*, 2025 WL 2961796, at *1. Avoiding such an outcome is especially important where the allegations concern the sexual exploitation of plaintiffs when they were minors. *See id.* The same risk is present here. Plaintiffs fear that if their true identities were revealed, they would face a greater risk of the same type of exploitation via AI-generated CSAM from which they seek relief. *See, e.g., id.; X.AI Corp.*, Dkt. 9, at 3. This is especially true given that Plaintiffs' real names are linked to the AI-generated CSAM and they already have concerns for their physical safety.. *See* Dkt. 1 (Complaint) at ¶ 106.

**C.** **The public interest weighs in favor of Plaintiffs proceeding under pseudonym.**

Though the public has an interest in open court proceedings, where cases involve claims seeking to vindicate the rights of minors who have experienced sexual exploitation, the balance "weighs in favor" of proceeding by pseudonym. *Doe H. C.*, 2025 WL 2721688, at *2. As one court noted, "denial of the use of a pseudonym may deter other people who experience sexual harassment and exploitation from suing in order to vindicate their rights, merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity." *Id.* Here too, the public has a strong countervailing interest in protecting child victims of sexual exploitation from further harm by permitting Plaintiffs to proceed under pseudonym.

**D.** **Proceeding under pseudonym poses no threat of fundamental unfairness to Defendants.**

The use of pseudonyms in court filings and public proceedings will not impair Defendants' ability to investigate the claims, conduct discovery, depose witnesses, or mount a full defense. Given the particularly early stage of litigation, "prejudice against [the d]efendants is low given that the action is in the pre-discovery stage and the Court can manage the pretrial proceedings to mitigate problems that anonymity may raise." *Id*. at *1 (quoting *Doe v. Steele*, No. 20-CV-1818, 2020 WL 6712214, at *4 (S.D. Cal. Nov. 16, 2020); *Advanced Textile*, 214 F.3d at 1072 (finding that "at present defendants suffer no prejudice by not knowing the names of

plaintiffs."). Plaintiffs further anticipate providing their true names to Defendants once the Parties have agreed to a protective order in this case which provides parameters for producing confidential materials.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court permit them to proceed under pseudonym.

Dated:  March 16, 2026

Respectfully submitted,
By: /s/ Vanessa Baehr-Jones
    Vanessa Baehr-Jones

Annika K. Martin (pro hac vice forthcoming)
**Lieff Cabraser Heimann
& Bernstein, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Mark P. Chalos (pro hac vice forthcoming)
Betsy A. Sugar (pro hac vice forthcoming)
**Lieff Cabraser Heimann
& Bernstein, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
Facsimile:  615.313.9965

Michelle A. Lamy (SBN 308174)
**Lieff Cabraser Heimann
& Bernstein, LLP**
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000

Vanessa Baehr-Jones (SBN 281715)
**Baehr-Jones Law PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone:  510.500.9634

*Attorneys for Plaintiffs and the Proposed Class*