**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3<br><br>Plaintiff,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | Case No. 5:26-cv-2446<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |

Before the Court is an administrative motion to consider whether Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 ("Plaintiffs") may proceed under pseudonym (the "Motion").

A party may overcome the a presumption in litigation that parties proceed under their real names to when "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has established that pseudonyms are permitted where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Id.*

The nature of these allegations is extremely sensitive. All three Plaintiffs allege that the Defendants, X.AI Corp. and X.AI LLC (collectively "xAI"), through its artificial intelligence image generation tool, Grok Imagine, used their minor-age photographs to generate child sexual abuse material in which Plaintiffs are reasonably identifiable. Plaintiffs Jane Doe 2 and 3 are minors, and Plaintiff Jane Doe 1 is still in high school. Plaintiffs allege that their true identities are linked to these images and so fear that proceeding under their true names would draw greater attention to the CSAM and put them at risk for further victimization. *See* Dkt. 1 at ¶ 106.

While the Court recognizes the importance of public access to court proceedings, the Court agrees that the highly sensitive nature of these allegations and the minor status of two of the Plaintiffs weighs strongly in favor of permitting Plaintiffs to proceed under pseudonym. This is bolstered by the fact that Plaintiffs are willing to share their identities with Defendants upon agreement to a protective order.

For the foregoing reasons, Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 may proceed under pseudonyms. The Clerk and Defendants are directed to use only Plaintiffs' pseudonyms in all filings in this case instead of Plaintiffs' full names. Any documents containing any of the Plaintiffs' full names shall be redacted to protect the Plaintiffs' full names or filed under seal.

**IT IS SO ORDERED.**

Dated: _____, 2026                    _____