Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
Facsimile:  615.313.9965

Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone:  510.500.9634

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, et al. | Case No. 5:26-cv-2246-PCP |
| Plaintiff, | **ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |
| v. | |
| X.AI CORP. et al., | |
| Defendants. | |

3531823.1

Pursuant to Civil Local Rule 7-11, Plaintiffs Jane Doe 4 and Jane Doe 5 (collectively "Plaintiffs")[1] respectfully request an order permitting them to proceed pseudonymously in this matter to protect their identity from public disclosure and further harm.

## INTRODUCTION

Plaintiffs set forth extremely sensitive allegations regarding AI-generated child sexual abuse material ("CSAM") of themselves. Plaintiffs allege that X.AI Corp., X.AI LLC, and X.AI Holdings LLC (collectively "xAI"), through their artificial intelligence ("AI") image generation tools, Grok Imagine ("Grok"), used minor-age photographs of Plaintiffs to generate CSAM in which Plaintiffs are reasonably identifiable. Public disclosure of Plaintiffs' identities would expose them to further re-victimization related to the creation of these images. Accordingly, Plaintiffs respectfully request that the Court grant leave to proceed under the pseudonyms "Jane Doe 4" and "Jane Doe 5" throughout this litigation.

## LEGAL STANDARD

Though a presumption exists that parties will proceed under their real names in litigation to promote public access, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has recognized that "courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (citation modified).

---

[1] Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 filed a similar motion that is under consideration. Dkt. 22.

Plaintiffs in this district regularly proceed under pseudonym where they set forth allegations relate to the sexual exploitation of minors. *See, e.g., Doe v. Lee*, No. 13-CV-04029, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014) (allowing a plaintiff to proceed under pseudonym where allegations of "unauthorized and illegal distribution of indecent photographs of a minor"); *D.A. v. Roblox Corp.*, No. 25-CV-08866-JST, 2025 WL 2961796, at *1 (N.D. Cal. Oct. 20, 2025) ("While the Court recognizes the importance of public access to court proceedings and the identifies of litigants, it also agrees with Plaintiffs that details of sexual exploitation of a child constitute highly sensitive subject matter" to warrant permitting the plaintiff to proceed under a pseudonym.); *Doe H. C. v. Roblox Corp.*, No. 25-CV-08076-AGT, 2025 WL 2721688, at *1 (N.D. Cal. Sept. 24, 2025) (granting motion to proceed under pseudonym where plaintiff alleged "grooming, manipulation sexual harassment, and sexual exploitation of the minor child").

Even where plaintiffs are not still minors, but the allegations relate to CSAM of themselves when they were minors courts permit proceeding under pseudonym. *See Fiona v. Wu*, No. 24-CV-06015-SVK, 2024 WL 4048869, at *1, 3 (N.D. Cal. Sept. 4, 2024) (granting motion to proceed under pseudonym where adults and minors' allegations related to CSAM of themselves). *See also Doe v. X.AI Corp., et al.*, No. 5:26-cv-772-PCP, Dkt. 9, at 3 (Jan. 29, 2026, N.D. Cal.) (granting motion for plaintiffs to proceed under pseudonym where "the highly sensitive, personal, and sexual nature of Plaintiff's deepfake weighs strongly in favor of allowing Plaintiff to proceed anonymously." (internal citation omitted)). Courts further regularly allow the use of pseudonyms in cases involving the "'sensitive and highly personal'" area of "human sexuality." *Jane Roes 1-2v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (collecting cases).

## DISCUSSION

### A.    The matter involves sensitive and highly personal information.

As plaintiffs' allegations concern "a matter of sensitive and highly personal nature,"

namely the depiction of Plaintiffs as reasonably identifiable minors in AI-generated CSAM, Plaintiffs should be allowed to proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068. *See, e.g., Lee*, 2014 WL 630936, at *3; *D.A.*, 2025 WL 2961796, at *1; *Doe H. C.*, 2025 WL 2721688, at *1. While Plaintiffs are now legal adults, the images that were used depicted them as them minors. Dkt 26 (First Amended Complaint) at ¶ 5. *See generally D.A.*, 2025 WL 2961796, at *1; *Doe H. C.*, 2025 WL 2721688, at *1. Furthermore, Jane Doe 5 was a minor when the AI-generated picture was created using a photo from her eighth grade graduation. Dkt. 26 at ¶¶ 18, 182. While Jane Doe 4 was not a minor when the AI-generated CSAM was created, her allegations include details related to highly sensitive familial sexual abuse, and the photo that xAI's model altered of her featured her when she was only eleven years old. Dkt. 26 at ¶¶ 158–181. *See Fiona*, 2024 WL 4048869, at *1, 3.

**B.    Identifying Plaintiffs would expose them to a risk of harm.**

With the speed at which information spreads today, courts have recognized that "[s]hould Plaintiffs be forced to file under their real names, all of [plaintiffs'] information would be easily searchable such that anyone with internet access will have all the necessary information to quickly ascertain Plaintiffs' identity." *D.A.*, 2025 WL 2961796, at *1. As Plaintiffs' allegations relate to AI-generated CSAM of themselves, they would be subject to further victimization if they were to proceed under their legal names. *See Fiona*, 2024 WL 4048869, at *2 ("Courts have identified several ways in which the individuals depicted in images of child pornography are harmed by the circulation and viewing of those images." (quoting *United States v. Kennedy*, 643 F.3d 1251, 1260 (9th Cir. 2011))). Plaintiffs fear that if their true identities were revealed, they would face a greater risk of the same type of exploitation via AI-generated CSAM from which they seek relief. *See* Dkt. 26 at ¶¶ 181, 190. *See, e.g., id.; X.AI Corp.*, Dkt. 9, at 3.

**C.      The public interest weighs in favor of Plaintiffs proceeding under pseudonym.**

Where cases involve claims related to CSAM, the balance "weighs in favor" of proceeding by pseudonym. *Doe H. C.*, 2025 WL 2721688, at *2. In cases involving highly sensitive claims, the "denial of the use of a pseudonym may deter other people who experience sexual harassment and exploitation from suing in order to vindicate their rights, merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity." *Id.* The public has a strong countervailing interest in promoting the prosecution of cases involving CSAM, and permitting Plaintiffs to proceed under pseudonym further promotes that interest. In fact, Congress recognized the importance of protecting the identifies of individuals depicted in CSAM, as 18 U.S.C. § 2252A(e) prohibits the admission of "the name, address, social security number, or other nonphysical identifying information, other than the age or approximate age, of any minor who is depicted in any" CSAM "except for good cause shown." While that portion of the statute governs the criminal prosecution for the possession and distribution of CSAM, it nonetheless demonstrates a recognition of the importance of protecting the identities of those depicted in CSAM.

**D.      Proceeding under pseudonym poses no threat of fundamental unfairness to Defendants.**

Defendants' ability to investigate the claims, conduct discovery, depose witnesses, or mount a full defense will not be impaired if the Plaintiffs proceed under pseudonym. Given the early stage of litigation, "prejudice against [the d]efendants is low given that the action is in the pre-discovery stage and the Court can manage the pretrial proceedings to mitigate problems that anonymity may raise." *Doe H. C.*, 2025 WL 2721688, at *1 (quoting *Doe v. Steele*, No. 20-CV-1818, 2020 WL 6712214, at *4 (S.D. Cal. Nov. 16, 2020); *Advanced Textile*, 214 F.3d at 1072 (finding that "at present defendants suffer no prejudice by not knowing the names of plaintiffs."). Plaintiffs will provide their true names to Defendants once the Parties have agreed to a protective

order in this case which provides parameters for producing confidential materials. *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK, 2017 WL 6026248, at \*23 (N.D. Cal. Dec. 5, 2017) (finding no prejudice where the party knows Doe's true identity).

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court permit them to proceed under pseudonym.

Dated:  July 7, 2026

Respectfully submitted,

By: /s/ *Annika K. Martin*
      Annika K. Martin

Annika K. Martin (*pro hac vice*)
**Lieff Cabraser Heimann & Bernstein, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**Lieff Cabraser Heimann & Bernstein, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
Facsimile:  615.313.9965

Michelle A. Lamy (SBN 308174)
**Lieff Cabraser Heimann & Bernstein, LLP**
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000

Vanessa Baehr-Jones (SBN 281715)
**Baehr-Jones Law PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone:  510.500.9634

*Attorneys for Plaintiffs and the Proposed Class*