[Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, et al.<br>Plaintiff,<br>v.<br>X.AI CORP. et al.,<br>Defendants. | Case No. 5:26-cv-2246-PCP |
| JANE DOE I, et al.,<br>Plaintiffs,<br>v.<br>X.AI CORP., et al.,<br>Defendants. | Case No. 3:26-cv-08567 |

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS INTERIM CO-LEAD CLASS COUNSEL**

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on October 1, 2026, at 10:00 A.M., or at such other date as ordered by the Court, at the Robert F. Peckham Courthouse, 280 S. First St., San José, CA 95113 Courtroom 8, 4th Floor, counsel for Plaintiffs Jane Does 1–5 and counsel for Plaintiffs Jane Does I–V and John Doe I in the above-titled actions will and hereby do move, pursuant to the Federal Rule of Civil Procedure 23(g), for appointment of Annika K. Martin of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") and W. Daniel (Dee) Miles of the Beasley Allen Law Firm ("Beasley Allen") (collectively, "Proposed Co-Lead Class Counsel"), to serve as Interim Co-Lead Class Counsel in these related class actions.

In support of this motion, Plaintiffs rely on this Notice of Motion and Motion, the accompanying Memorandum in Support of the Motion, the entire record in this case, and any other evidence and argument that may be presented at the time of the hearing.

## TABLE OF CONTENTS

Page


NOTICE OF MOTION AND MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

- A. The LCHB Action ..... 2
- B. The Beasley Action ..... 2

III. LEGAL STANDARD ..... 2

IV. APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE ..... 3

- A. Appointment of Interim Class Counsel is Appropriate at this Stage. ..... 3
- B. Counsel Are Well Suited to Represent the Proposed Classes ..... 4
  - 1. Proposed Class Counsel Thoroughly Investigated the Underlying Facts and had Coordinated Early Case Management Efforts (Rule 23(g)(1)(A)(i)) ..... 4
  - 2. Proposed Class Counsel Has Extensive Experience with Survivors' Rights Class Actions and Knowledge of the Relevant Law (Rule 23(g)(1)(A)(ii)–(iii)) ..... 4
  - 3. Proposed Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv)) ..... 13

PROPOSED RESPONSIBILITIES ..... 13

V. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*,
2017 WL 4071368 (N.D. Cal. Sep. 14, 2017) ........ 3

*Bartling v. Apple Inc.*,
2018 WL 4804735 (N.D. Cal. Apr. 27, 2018) ........ 3

*Dependable Component Supply Corp. v. Murata Mfg. Co.*,
2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) ........ 3

*In re Meta Pixel Healthcare Litig.*,
2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) ........ 4

**Court Rules**

Fed. R. Civ. P. 23(g)(1)(A) ........ 2, 3, 4

Fed. R. Civ. P. 23(g)(1)(A)(i) ........ 4

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv) ........ 2

Fed. R. Civ. P. 23(g)(1)(B) ........ 2

Fed. R. Civ. P. 23(g)(3) ........ 2

**Treatises**

Manual for Complex Litig., § 21.11 (4th ed. 2004) ........ 3

**Other Authorities**

Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. ........ 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The two above-captioned proposed class actions allege that Defendants x.AI Corp., x.AI LLC, x.AI Holdings LLC ("Defendants") knowingly designed, marketed, and distributed the generative AI model, Grok, without implementing industry-standard safeguards, thereby enabling the production and distribution of AI-generated child sexual abuse material ("CSAM") depicting real, identifiable minors violating several federal and state laws. *Doe 1, et al. v. x.AI Corp., et al.*, 5:26-cv-2246 (N.D. Cal.), Dkt. 26 ("LCHB Action"); *Doe I et al. v. X.AI Corp. et al.*, No. 3:26-cv-08567 (N.D. Cal.), Dkt. 1 ("Beasley Action"). Plaintiffs request appointment of Annika K. Martin of Lieff Cabraser and W. Daniel (Dee) Miles of Beasley Allen as Interim Co-Lead Class Counsel for the proposed Nationwide Class and Tennessee and Arkansas Subclasses. LCHB Action, Dkt. 26 at ¶ 194.

Appointment of interim class counsel at this stage is appropriate and would benefit the putative class. These cases are in their early stages, and counsel must protect the putative classes' interests, coordinate discovery, and manage competing interests during the pre-certification phase. The cases involve multiple overlapping proposed classes, novel legal theories at the intersection of AI technology and child exploitation, and multiple competing class actions. Proposed Co-Lead Class Counsel consist of two law firms with significant experience successfully litigating complex cases involving survivors of sexual abuse. Counsel have demonstrated that experience here by conducting a quick and efficient case investigation and promptly convening counsel and leading the effort to effectuate the appointment of interim class counsel.

Early designation of interim class counsel will ensure efficient case management and protection of the class's interests. The proposed law firms are best positioned to fully and effectively represent the interests of class members in this litigation and respectfully request that the Court appoint them to serve as Interim Co-Lead Class Counsel.

## II. BACKGROUND

### A. The LCHB Action

On March 16, 2026, Plaintiffs Doe 1–3 filed the first nationwide class action complaint against x.AI on behalf of individuals who had images of themselves as minors manipulated by Grok into AI-generated CSAM.[1] LCHB Action, Dkt. 1. The LCHB Plaintiffs seek to hold x.AI accountable for failing to reasonably prevent the creation of illegal AI-generated CSAM. *Id.* The LCHB Plaintiffs filed an amended complaint on July 7, 2026, to add two additional named plaintiffs and add Defendant Stability AI, seeking to hold its open-weight models similarly to account. LCHB Action, Dkt. 26. As a result, the LCHB Plaintiffs proposed two classes and two subclasses.

### B. The Beasley Action

On August 17, 2026, Plaintiffs Jane Doe I, Jane Doe II, John Doe I, Jane Doe III, Jane Doe IV, and Jane Doe V filed another proposed nationwide class action against x.AI on behalf of a group of Arkansas minors who had images of themselves as minors manipulated by Grok into AI-generated CSAM. Beasley Action, Dkt. 1. The Beasley Action plaintiffs propose a similar nationwide class that substantially overlaps with the LCHB Action's. *Id*; LCHB Action, Dkt. 26.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Under Rule 23(g)(1)(A), the court must consider: (i) "the work counsel has done in identifying or investigating potential claims in the action"; (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (iii) "counsel's knowledge of the applicable law"; and (iv) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Under Rule 23(g)(1)(B), the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

[1] Another nationwide class action, *Doe et al. v. x.AI Corp. et al.*, 5:26-cv-772-PCP (N.D. Cal.), Dkt. 1, was filed on January 23, 2026, but that case does not concern AI-generated CSAM.

Appointment of interim class counsel is appropriate when "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Dependable Component Supply Corp. v. Murata Mfg. Co.*, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (internal citation omitted). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*, 2017 WL 4071368, at *2 (N.D. Cal. Sep. 14, 2017) (quoting Manual for Complex Litig., § 21.11 (4th ed. 2004)).

## IV. APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE

As detailed below, appointing interim class counsel is appropriate and the Rule 23(g)(1)(A) factors support appointed Proposed Class Counsel.

### A. Appointment of Interim Class Counsel is Appropriate at this Stage.

This case involves multiple overlapping proposed classes, novel legal theories at the intersection of AI technology and child exploitation, and at least two cases overlapping to varying degrees. *Dependable Component Supply Corp*, 2018 WL 3388548, at *2 (noting that appointment of interim counsel is appropriate in cases involving overlapping or competing class suits to protect class members' interests). Before this Court are two class actions involving claims against x.AI for producing AI-generated sexual images of minors. The existence of these "overlapping, duplicative, or competing class suits," merits the appointment of interim class counsel to ensure consistency and efficiency across the cases and any additional overlapping class actions that may be filed in the future. *See Bartling v. Apple Inc.*, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018); *see also* Manual for Complex Litigation (Fourth) § 21.11 (4th ed. 2004) (explaining that when "there are a number of overlapping, duplicative, or competing suits pending in other courts," the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities"); *cf.* Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. ("In some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.").

### B. Counsel Are Well Suited to Represent the Proposed Classes

Every factor under Federal Rule of Civil Procedure 23(g)(1)(A) favors appointment of the proposed leadership structure.

#### 1. Proposed Class Counsel Thoroughly Investigated the Underlying Facts and had Coordinated Early Case Management Efforts (Rule 23(g)(1)(A)(i))

LCHB Action Counsel performed substantial work in "identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). The complaint is the result of an extensive investigation into generative AI models and the industry-standard regulations Defendants failed to implement to prevent the creation of AI-generated CSAM. Martin Decl. ¶ 2. Counsel investigated the matters and performed factual and legal research prior to filing their complaint, in addition to extensive consultation with several experts. *Id.* at ¶ 2.

LCHB Action Counsel have since diligently pursued the case. LCHB Counsel served detailed preservation letters with the complaint to relevant law enforcement investigating related criminal actions and sent preservation letters to x.AI's counsel prior to service after Elon Musk posted that "all user data that was uploaded to SpaceXAI before now will be completely and utterly deleted" on July 13, 2026. *Id.* at ¶ 3.

Proposed Class Counsel's early commitment to the thorough and expedient litigation of claims on behalf of class members weighs in favor of appointment. *See In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022) (appointing counsel that had "done the most work to identify and investigate the potential claims," and "discussed the preservation and production of relevant information").

#### 2. Proposed Class Counsel Has Extensive Experience with Survivors' Rights Class Actions and Knowledge of the Relevant Law (Rule 23(g)(1)(A)(ii)–(iii))

Individually, each Proposed Co-Lead Class Counsel law firm brings substantial experience managing complex class actions and litigating the types of claims asserted here. Collectively, Proposed Co-Lead Class Counsel brings an unparalleled wealth of tailored knowledge that will serve the putative classes.

***Lieff Cabraser Heimann & Bernstein***. Founded in 1972, Lieff Cabraser is a 135+ attorney AV-rated law firm with offices in San Francisco, New York, Nashville, and Munich. In addition to survivor's rights, the firm has a diversified practice successfully representing plaintiffs throughout the United States. *See, e.g.*, *Thakur v. Trump*, No. 3:25-cv-04737-RFL (N.D. Cal.) (class action brought by university researchers regarding the abrupt termination of their federal grants). It routinely litigates precedent-setting cases against the world's largest corporations, including against major generative AI companies. *See Bartz, et al. v. Anthropic PBC*, 3:24-cv-5417 (N.D. Cal. Jul, 20, 2026), Dkt. 680 (granting final approval of $1.5 billion settlement against generative AI developer, Anthropic, for copyright infringement). It has obtained over $133 billion in verdicts and settlements on behalf of its clients. Lieff Cabraser's firm resume is available at https://www.lieffcabraser.com/pdf/Lieff_Cabraser_Firm_Resume.pdf.

Over the past five decades, Lieff Cabraser has served as Court-appointed Plaintiffs' Lead or Class Counsel in hundreds of state and federal coordinated, multi-district, and complex litigations throughout the United States. Through these efforts, the firm has obtained many billions in verdicts and settlements for plaintiffs throughout the country. Some of the pertinent class cases where Lieff Cabraser has been appointed as lead counsel or served as class counsel are listed below.

***In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, Case No. 3:15-MD-02672 (N.D. Cal.)**: Lieff Cabraser served as the court-appointed Lead Counsel in litigation against Volkswagen, Audi, Porsche, and Bosch regarding allegations of emissions fraud and violations of related consumer protection claims in hundreds of thousands of vehicles throughout the country. The litigation culminated in a series of settlements worth over $14.7 billion, which included vehicle buybacks, environmental remediation, and other consumer benefits. This historic result is one of the largest consumer class action settlements in American history.

***In re: Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs., & Prods. Liab. Litig.*, Case No. 17-MD-2777-EMC (N.D. Cal.)**: Similar to the Volkswagen emissions litigation, Lieff Cabraser served as the court-appointed Lead Counsel in a nationwide class action against FCA

and Bosch regarding alleged emissions cheating in over 100,000 Ram 1500 and Jeep Cherokee "EcoDiesel" vehicles sold in the United States from late 2013 through 2016. After fierce litigation, LCHB secured final approval of a $307.5 million settlement for the class, which provided eligible owners and lessees with substantial cash payments and a comprehensive extended warranty following the completion of a government-mandated emissions modification to the affected vehicles.

***Andrews, et al. v. Plains All American Pipeline, et al.***, No. 2:15-cv-04113-PSG-JEM (C.D. Cal.). Lieff Cabraser was appointed as Interim Class Counsel, and following class certification, Class Counsel in this litigation arising from an oil spill in Santa Barbara County in May 2015. Lieff Cabraser represented fishers whose catch was impacted by the oil spill, as well as fish processors reliant on that catch, as well as homeowners and lessees who lost use of their beachfront properties.

Lieff Cabraser has ample financial resources and staffing to fund and manage large class action litigations like this one. Lieff Cabraser will not use a litigation financing company this litigation, which also demonstrates the firm's total commitment to this important case. The firm has committed substantial resources in many high-profile and complex class actions such as the VW "Clean Diesel" MDL, the Anthropic AI Copyright Class Action, the Social Media Addiction MDL among others, with no issue as to sufficiency or timeliness. Lieff Cabraser is committed to representing the rights of putative Class Members and pursuing a favorable result for their claims.

The Lieff Cabraser team will be led by Annika K. Martin. Ms. Martin is the head of Lieff Cabraser's Survivors' Rights group and has served as Class Counsel for the plaintiffs in the *Doe v. University of Michigan*, 2:20-cv-10629 (E.D. Mich.) sexual abuse litigation and as court-appointed Co-Lead Class Counsel representing women who were sexually abused by gynecologist George Tyndall, M.D., in class action *Lucy Chi v. University of Southern California, et al.*, 2:18-cv-4258 (C.D. Cal.), recovering a $215 million fund for survivors. Ms. Martin also currently leads the federal lawsuits against Devereux Advanced Behavioral Health alleging sexual and other abuse of children in Devereux's care.

Ms. Martin has held additional court-appointed leadership roles as Co-Lead Counsel in *In re General Motors Air Conditioning Marketing and Sales Practices Litigation*, MDL 2818 (E.D. Mich.) and court-appointed Pro Se Liaison in *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL 2419 (D. Mass.).

Ms. Martin's experience in class action and MDL leadership roles has given her an appreciation of the magnitude of commitment of time, energy, and resources necessary for effective leadership in such cases. Martin Decl. at ¶ 4. For example, Ms. Martin devoted several years of nearly full time work in serving her key role in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in Gulf of Mexico on April 20, 2010*, MDL 2179 (E.D. La.), much of the time physically in New Orleans, where she essentially relocated during the most intense litigation and settlement phases of that MDL. *Id.* at ¶ 5. Similarly, as a key member of LCHB's court-appointed leadership team in *In re General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (S.D.N.Y.), Ms. Martin devoted a significant portion of her time and energies to that litigation, much of it spent in Detroit. *Id.* Ms. Martin is keenly aware of the time and energy commitment required for leadership. *Id*. at ¶ 4. She has carefully reflected, and confirmed that her other current responsibilities allow her to make that commitment here. *Id*. at ¶ 4.

Ms. Martin's commitment to working cooperatively and to advancing a united approach in this litigation is exemplified by her prior successful work with co-leadership counsel in other large coordinated and class cases, as well as her cooperative and productive work so far with the other Applicants and Plaintiffs' counsel in this litigation. *Id*. at ¶ 6.

Another example of Ms. Martin's ability to work cooperatively with other class action lawyers is her leadership of the American Association for Justice's Class Action Litigation Group, the nationwide organization for plaintiffs-side class action practitioners. *Id*. at ¶ 7. The Group's leadership is elected by the membership, and Ms. Martin served two terms as Co-Chair. *Id*.

Ms. Martin is also actively involved with, and serves as a Steering Committee Leadership Council Member for The Sedona Conference, the organization responsible for publishing The Cooperation Proclamation and other consensus-driven guidelines and principles of litigation

promoting cooperation, transparency, reasonableness, and civility in litigation practice. *Id*. at ¶ 8. Ms. Martin brings these principles into her practice and will do so in this consolidated action as well. *Id.*

To this point, LCHB founding partner Elizabeth J. Cabraser and attorneys Mark P. Chalos, Michelle A. Lamy, and Betsy A. Sugar have assisted and will continue to assist Ms. Martin in litigating this proposed class action on behalf of Plaintiffs.

Elizabeth J. Cabraser is the preeminent practitioner, scholar and authority on class action jurisprudence in the United States. She has served as court-appointed lead, co-lead, or class counsel in scores of federal multi-district and state coordinated proceedings. Ms. Cabraser currently serves in court-appointed leadership positions in several of the nation's highest profile civil cases, including serving as on the Plaintiffs' Executive Committee and Settlement Negotiating Committee in the huge and historic National Prescription Opiates Litigation (MDL 2804, N.D. Ohio) and as Plaintiffs' Co-Lead Counsel in the Third-Party Payor Opiates Litigation; as Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee in *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litigation*, (MDL No. 2996); on the Plaintiffs' Steering Committee in *In re Uber Tech., Inc. Passenger Sexual Assault Litigation*, MDL 3084 (N.D. Cal.); and as Co-Lead Counsel for Plaintiffs in the *Camp Lejeune Toxic Water Poisoning Litigation*, No. 7:23-cv-00897-RJ (E.D. N.C.). Ms. Cabraser has been repeatedly recognized as one of the foremost litigators in our nation, including being selected an unprecedented four times as one of the 100 Most Influential Lawyers in America by the *National Law Journal*, which has called her "a pillar of the plaintiffs' bar."

Mark P. Chalos has extensive experience litigating complex MDL and class action litigation involving product liability and consumer fraud matters, as outlined in more detail below. Mr. Chalos currently serves or has served in the following leadership positions: Co-Lead Counsel in *In re Generac Solar Power Systems Marketing, Sales Practices, and Products Liability Litigation*, Case No. 23-md-1078, (E.D. Wisc.); Co-Lead Trial Counsel in *Costa et al. v. FCA US LLC et al.*, Case No. 1:20-cv-11810 (D. Mass);Co-Lead MDL Counsel, *In re Evenflo Co., Inc. Marketing, Sales Practices and Products Liability Litigation* (child booster seats), MDL

2938 (D. Mass); Co-Lead MDL Counsel and Co-Lead Trial Counsel, *In re Whirlpool Front Loading Washer Products Liability Litigation*, MDL 2001 (N.D. Ohio); Co-Lead Class Counsel, *Weidman v. Ford* (brake failures), Case No. 2:18-cv-12719 (E.D. MI); Co-Lead Class Counsel in *Alger v. FCA US, LLC* (exploding headrests), Case No. 2:18-CV-00360 (E.D. Ca); Co-Lead Counsel in *Braziel v. Michigan Department of Environment, Great Lakes, and Energy* (consolidated litigation re: lead contamination of Benton Harbor's water system), Case No. 22-000046-MM (Michigan Court of Claims).

Michelle A. Lamy specializes in employment and antitrust class actions on behalf of plaintiffs, and individual cases addressing sexual abuse and sex trafficking on behalf of survivors. Following the noteworthy settlement in the Google Gender Discrimination class action case in 2022, Ms. Lamy was named a Law360 Rising Star in 2023 – one of only six attorneys nationwide to receive the distinction for employment law. In 2020, Ms. Lamy was elected to serve on the Executive Committee of the Litigation Section of The Bar Association of San Francisco. The Section educates members on current litigation developments, serves as a liaison between the bar and bench, and promotes the highest standards of ethical conduct among litigators. The section also comments on proposed changes in statutes and regulations affecting litigators. As a member of the Executive Committee, Ms. Lamy works with other committee members to organize panels and provide advice to the local Superior Court and Federal Court judges.

Betsy A. Sugar is an associate in Lieff Cabraser's Nashville office and has experience litigating against major generative AI companies, including Anthropic, Meta Platforms, Databricks, Together AI, and Cerebras. In March 2026, Ms. Sugar was named a finalist for Most Promising Newcomer in the Southeastern Legal Awards.

Working closely with the LCHB team is Vanessa Baehr-Jones, the founding partner of Baehr-Jones Law PC (formerly Advocates for Survivors of Abuse PC), a law firm specializing in representing survivors of sexual assault, exploitation, and trafficking. Ms. Baehr-Jones served as a federal prosecutor for approximately eight years in the Central and Northern Districts of California, where she prosecuted complex sex trafficking and child exploitation cases and led global investigations into websites that targeted children. She was selected to serve as the Project

Safe Childhood Coordinator for the Central District of California from 2016 – 2018. Since 2021, Ms. Baehr-Jones has represented victims in seeking criminal restitution, and in bringing state and federal civil claims for sexual abuse and assault, sex trafficking, and for online child exploitation. Her practice specializes in bringing federal civil claims under Masha's Law, 18 U.S.C. §2255, for victims of online child exploitation and federal civil claims under the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1595, for victims of sex trafficking. From 2023 to 2026, Ms. Baehr-Jones served as lead class counsel in *B.P., et al v. Johnson City, Tennessee, et al.*, a case alleging claims under the TVPA and the Equal Protection Clause on behalf of classes of sexual assault survivors. The case resulted in the first settlement under the TVPA against a municipality and one of the only successful class action settlements against a police department for Equal Protection claims brought by rape survivors for failure to investigate their reports of sexual violence.

***Beasley Allen Law Firm***. Beasley Allen has a record of accomplished leadership in complex litigation, class actions, and MDL cases throughout this country, including consumer protection and products-liability litigation. Beasley Allen has been selected by federal courts as lead counsel or co-lead counsel in twenty MDLs and class actions nationwide. Further, Beasley Allen has been appointed to at least forty-six Executive and/or Plaintiff's Steering Committee (PSC) positions in MDLs and other class action cases. Beasley Allen's Firm Resume is attached as Exhibit 1.

Proposed Class Counsel Dee Miles is the head of the firm's Consumer Fraud and Commercial Litigation Section and is a proven leader in the field of complex litigation on a national level. As described below, his exceptional lawyering and leadership have led to numerous record-setting verdicts and settlements for clients in various legal areas, including complex class action litigation. Mr. Miles holds a Martindale Hubbell AV rating and has been named to the Lawdragon 500 Leading Lawyers for the past several years and was selected into the Hall of Fame of Lawyers in 2025 by Lawdragon; selected annually to the "Best Lawyers in America" list; selected by Alabama Best Lawyers 2015; selected to Alabama (Midsouth) Super

Lawyers and Super Lawyers for consecutive years; was named top 50 Lawyers in Alabama in 2025; and was featured on the cover of and in a feature in Super Lawyers magazine in 2013.

Mr. Miles has extensive trial experience in complex litigation, having tried over forty trials to verdict. Mr. Miles oversaw the trial and settlement of the General Motors class action in which Beasley Allen secured a $102.6 million jury verdict against GM which, after years of post-verdict motion practice, resulted in a $150 million settlement. Mr. Miles also recently played a pivotal role in securing a record-breaking $2.8 billion settlement in the Blue Cross Blue Shield Antitrust case, the largest in U.S. healthcare history. Over the years, Mr. Miles has settled thousands of cases with settlement value of almost $20 billion.

Mr. Miles has been appointed as lead or co-lead class counsel in: *In re Reciprocal of America (ROA) Sales Practices Litigation*, United States District Court for the Western District of Tennessee, MDL No. 1551, selected co-lead by Judge J. Daniel Breen; *In re American General Life and Accident Insurance Company Industrial Life Insurance Litigation*, United States District Court for the District of South Carolina, MDL No. 1429, selected co-lead by Judge Cameron McGowan Currie; and *In re Dollar General Corp. Fair Labor Standards Act Litigation*, United States District Court for the Northern District of Alabama, MDL No. 1635, selected co-lead by Judge U.W. Clemon. Mr. Miles has also served as lead or co-lead class counsel in numerous other class actions, including *Cohen, et al. v. Subaru Corporation, et al.*,; *Tucker Oliver, et al. v. Honda Motor Company Limited, et al.; Sharon Cheng, et al. v. Toyota Motor Corporation, et al.; Weidman et al v. Ford Motor Company*; *Bruner et al v. Polaris Industries, Inc. et al*; *Robertson v. Liberty National Life Insurance Company; Gadson v. American Medical Security Insurance Company*; *Dickman v. Banner Life Ins. Co.*; *Farris v. U.S. Fin. Life Ins. Co.*; and *Gooch v. Transamerica Life Insurance Company*.

In addition to serving as lead or co-lead counsel in multiple complex litigations, Mr. Miles has been appointed to leadership committees in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.) (PSC); *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2777 (N.D. Cal.) (PSC); *In re Toyota Motor Corp. Unintended Acceleration*

*Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2151 (C.D. Cal.) (PSC); *In re ZF-TRW Airbag Control Units Products Liability Litigation*, MDL No. 2905 (C.D. Cal.) (PSC); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, MDL No. 2583 (N.D. Ga.) (PSC); *In re Target Corp. Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.) (PSC); *In re Wells Fargo ERISA 401(k) Litigation*, No. 16-cv-03405 (D. Minn.) (PSC); *In re Takata Airbag Products Liability Litigation*, MDL No. 2599 (S.D. Fla.) (discovery committee); *In re Apple Inc. Device Performance Litigation*, MDL No. 2827 (N.D. Cal.); *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656 (D.D.C.); and *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 (N.D. Ala.) (executive/settlement committee).

Additionally, Beasley Allen as a firm has also held leadership positions in litigation concerning technology platforms' responsibility for harm to minors and other users, including *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.); *In re Social Media Cases*, JCCP No. 255 (Cal. Super. Ct., L.A. County) (Lead Case No. 22STCV21355); *In re JUUL Labs, Inc. Marketing, Sales Practices & Products Liability Litigation*, MDL No. 2913 (N.D. Cal.); and *In re PowerSchool Holdings, Inc., and PowerSchool Group, LLC Customer Data Security Breach Litigation*, MDL No. 3149 (S.D. Cal.).

Beasley Allen employs approximately 105 attorneys and over 257 support staff with offices in Atlanta, Georgia; Mobile, Alabama; and Montgomery, Alabama. As noted in the firm's resume, numerous Beasley Allen attorneys—including Mr. Miles—have been recognized or profiled in national publications for the work they have performed in class action litigation. Beasley Allen will be able to dedicate the resources, personnel, and time necessary to pursue these claims on behalf of the putative Classes, as it has done in the past. To this point, Beasley Allen attorneys Alison D. Hawthorne and Paul W. Evans—along with numerous support staff at Beasley Allen—have assisted and will continue to assist Mr. Miles in litigating this proposed class action on behalf of Plaintiffs.[2]

---

[2] A resume for Mrs. Hawthorne and Mr. Evans are attached hereto as Exhibits 2 and 3, respectively.

Beasley Allen has ample financial resources and staffing to fund and manage large class action litigations. Beasley Allen has never used a litigation financing company for any litigation, and will not do so in this litigation, which also demonstrates the firm's total commitment to this important case. The firm has committed substantial resources in many high-profile and complex class actions such as the VW "Clean Diesel" MDL, the Chrysler-Dodge-Jeep EcoDiesel MDL, the Toyota SUA MDL, the Takata Airbag MDL, and the Blue Cross Blue Shield Antitrust MDL, among others, with no issue as to sufficiency or timeliness. Since Beasley Allen handles these major class action matters on a contingency fee basis, it is apparent that the firm is committed to zealously representing the rights of putative Class Members and pursuing a favorable result for their claims. Beasley Allen proudly accepts the financial responsibility of making this case successful on behalf of the putative Class Members.

### 3. **<u>Proposed Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv))</u>**

As their resumes and experience indicate, Proposed Class Counsel have the resources to see this litigation through to its conclusion, including at trial. Each law firm understands the time, energy, and skill required to lead this litigation and has committed to expending the resources necessary to ensure effective and efficient representation of the class, without the need for outside funding.

Further, in addition to having practiced extensively throughout California and in this District, the law firms will take full advantage of their presence throughout the state—with Lieff Cabraser having offices in this District. With its headquarters in San Francisco, Lieff Cabraser commits to utilizing its local office facilities and staff—located in close proximity to the Court, as well as x.AI's headquarters—in the best interests of the classes.

## **<u>PROPOSED RESPONSIBILITIES</u>**

If appointed, and consistent with Rule 23(g) and the MCL § 10.221, proposed Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

1. To formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation;

2. To act for the group either personally or by coordinating the efforts of others in presenting written and oral arguments and suggestions to the Court;

3. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

4. To retain and manage common experts;

5. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

6. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

7. To delegate specific tasks to other Plaintiffs' counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

8. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

9. To prepare and distribute status reports to the Court and other counsel;

10. To maintain adequate time and disbursement records covering time and expenses spent by Plaintiffs' counsel, and ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

11. To maintain a current Master Service List of counsel of record, and maintain and distribute to Plaintiffs' counsel and to Defendants' Counsel an up-to-date service list as to Plaintiffs;

12. To file and serve on behalf of Plaintiffs those filings relative to the master docket of the litigation; and

13. To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Proposed Co-Lead Class Counsel as Interim Co-Lead Class Counsel to ensure the orderly prosecution of this litigation.

Dated: August 24, 2026

Respectfully submitted,

By: */s/ Annika K. Martin*
Annika K. Martin

Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
Facsimile: 615.313.9965

Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Attorneys for Plaintiffs and the Proposed Classes of the LCHB Action*

By: /s/W. Daniel "Dee" Miles
W. Daniel "Dee" Miles

Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Taylor Applegate (SBN 357742)
taylora@salahilaw.com
Nicole Cabañez (SBN 365099)
nicolec@salahilaw.com
**SALAHI PC**
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: 415.236.2305

W. Daniel "Dee" Miles, III (*pro hac vice* forthcoming)
Alison D. Hawthorne (*pro hac vice* forthcoming)
Paul W. Evans (*pro hac vice* forthcoming)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555

Paul Byrd (*pro hac vice* forthcoming)
**PAUL BYRD LAW FIRM, PLLC**
Paul@paulbyrdlawfirm.com
415 N. McKinley St., Suite 210
Little Rock, AR 72205
Telephone: 501.420.3050
Facsimile: 501.420.3128

Aaron Cash (*pro hac vice* forthcoming)
**HERRERA LAW GROUP**
Cash@herreralawnwa.com
1821 S. 8th Street
Rogers, AR 72756
Telephone: 479.770.5292
Facsimile: 479.770.6042

*Attorneys for Plaintiffs and the Proposed Classes of the Beasley Action*