Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500

Elizabeth J. Cabraser (SBN 83151)
Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
ecabraser@lchb.com
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, et al.<br><br>Plaintiff,<br><br>v.<br><br>XAI CORP. et al.,<br><br>Defendants. | Case No. 5:26-cv-2246-PCP<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER DIRECTING PRESERVATION OF EVIDENCE** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on Thursday, October 8, 2026, at 10:00 A.M., or at such other date as ordered by the Court, at the Robert F. Peckham Courthouse, 280 S. First St., San José, CA 95113 Courtroom 8, 4th Floor, counsel for Plaintiffs in the above-titled action will and hereby move for an Order requiring Defendants xAI Corp., xAI LLC, and xAI Holdings LLC ("xAI") to preserve all evidence in its possession that it knows, or reasonably should know, is relevant to the above titled action.

In support of this motion, Plaintiffs rely on this Notice of Motion and Motion, the accompanying Memorandum in Support of the Motion, the entire record in this case, and any arguments to be heard.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs respectfully ask the Court to enter an Order directing xAI to immediately preserve all evidence within its possession, custody, or control that is potentially relevant in this matter. Public statements by xAI founder and CEO Elon Musk and xAI's counsel's response to preservation requests warrant the entry of such an Order.

Plaintiffs filed this lawsuit against xAI on March 16, 2026, alleging that xAI released Grok—a generative artificial intelligence model with image- and video-making features—despite knowing that it could be used to create child sexual abuse material ("CSAM"). Dkt. 1. On July 13, 2026, Mr. Musk posted on X: "As a precautionary measure, all user data that was uploaded to SpaceXAI[1] before now will be completely and utterly deleted. Zero anything whatsoever will remain." Martin Decl. Ex. A. Plaintiffs promptly wrote to xAI to seek confirmation that, notwithstanding this post, xAI would respect its obligation to preserve materials potentially relevant to this matter. In response, xAI asserted only that Mr. Musk's indiscriminate deletion of "all user data" did not concern this matter. xAI's failure to meaningfully engage with the risk of spoliation warrants an order directing xAI to immediately preserve all evidence within its possession, custody, or control.

## II. FACTUAL BACKGROUND

On March 16, 2026, Plaintiffs filed the first nationwide class action complaint against xAI on behalf of individuals who had images of themselves as minors manipulated by Grok into AI-generated CSAM. Dkt. 1. Plaintiffs seek to hold xAI accountable for producing CSAM of these victims on its servers, distributing this illegal Grok-generated CSAM to its users, benefitting financially from the trafficking of this AI-generated CSAM, and for its negligence in creating a

---

[1] Per xAI's corporate disclosure statement in a related action, X.AI Corp. is now known as SpaceX.AI Corp. and X.AI LLC is now known as SpaceX.AI LLC. *Doe et al. v. x.AI Corp., et al.*, No. 5:26-cv-772, Dkt. 67 (SpaceXAI Corporate Disclosure). The same corporate disclosure lists SpaceX.AI Holdings LLC as wholly owning SpaceX.AI Corp. which in turn wholly owns SpaceX.AI LLC. *Id.* Though not explicit in the corporate disclosure statement, it appears that SpaceX.AI Holdings LLC is the rebranding of X.AI Holdings LLC. *See* Mariella, *xAI is Now Officially Known As SpaceXAI*, https://finance.yahoo.com/technology/articles/xai-now-officially-known-spacexai-054438735.html (Jul. 6, 2026) (describing rebranding of xAI as SpaceXAI).

product capable of generating such harmful and unlawful content. *Id.* Plaintiffs filed an amended complaint on July 7, 2026 to add parties. Dkt. 26. On August 3, 2026, the Court granted Plaintiffs' Motion to Proceed Under Pseudonym. Dkt. 31. The following day, the clerk issued the summons as to Defendants. Dkt. 32. Plaintiffs served xAI on August 6, 2026. Dkts. 35–37.

On February 3, 2026, SpaceX confirmed that it acquired xAI.[2] On July 6, 2026, a post on X announced that xAI was rebranded as SpaceXAI with a new logo,[3] consistent with their corporate disclosure statement listing that SpaceX.AI Corp. and SpaceX.AI LLC are entities formerly known as X.AI Corp. and X.AI LLC respectively.[4] For clarity purposes, Plaintiffs will continue to refer to the company as xAI. On July 13, 2026, Elon Musk posted on X, stating: "As a precautionary measure, all user data that was uploaded to SpaceXAI before now will be completely and utterly deleted. Zero anything whatsoever will remain." Martin Decl. Ex. A. On July 20, 2026, Plaintiffs' counsel sent counsel for xAI a letter reiterating a party's duty to preserve potentially relevant information once litigation is reasonably anticipated, specifically citing Mr. Musk's post as the driving force behind the letter, and requesting that xAI identify the steps it had taken to preserve materials potentially relevant to this litigation. Martin Decl. Ex. B. This letter specifically highlighted categories of documents that must be preserved, including "disclosures made to law enforcement, the National Center for Missing & Exploited Children (NCMEC), or any other governmental, regulatory, or third-party entity concerning potentially unlawful . . . activity on [xAI's] platform." *Id.*

On July 28, 2026, counsel for xAI responded that the July 20 letter "refers to material that is not relevant to this litigation." Martin Decl. Ex. C. On August 21, 2026, Plaintiffs' counsel responded, disagreeing with that conclusion and requesting again that xAI identify the steps it had taken to preserve materials relevant to this litigation. Martin Decl. Ex. D.

---

[2] Durot, Matt, *Elon Musk Just Became the First Person Ever Worth $800 Billion after SpaceX Acquired xAI*, FORBES, forbes.com/sites/mattdurot/2026/02/03/elon-musk-just-became-the-first-person-ever-worth-800-billion-after-spacex-acquiredxai (Feb. 3, 2026).

[3] Moon, Mariella, *xAI is Now Officially Known As SpaceXAI*, https://finance.yahoo.com/technology/articles/xai-now-officially-known-spacexai-054438735.html (Jul. 6, 2026).

[4] *Doe et al. v. x.AI Corp., et al.*, No. 5:26-cv-772, Dkt. 67.

On August 28, 2026, counsel for xAI responded that Mr. Musk's post was in reference to Grok Build, xAI's coding agent and thus not related to the allegations at issue. Martin Decl. Ex. E. Counsel for xAI again ignored Plaintiffs' requests that xAI identify the steps it had taken to preserve materials relevant to the litigation. *Id.*

## III. LEGAL STANDARD

"A party has a duty to preserve evidence that it knows or should know is relevant to a claim or defense of any party in the litigation, and that duty arises as soon as the party knows that litigation is probable." *Forrest v. Meta Platforms, Inc.*, No. 22-CV-03699-PCP, 2026 WL 2296683, at *4 (N.D. Cal. Aug. 10, 2026) (citing *In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060, 1068 (N.D. Cal. 2006)). "[T]he duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040, 1051 (S.D. Cal. 2015) (internal citation omitted).

Where appropriate, courts may issue an affirmative preservation order "to reinforce a party's pre-existing duty to preserve evidence." *Cordova v. Huneault*, No. 2025 WL 1745762, at *1 (N.D. Cal. June 23, 2025) (internal citation omitted). *See also* MANUAL FOR COMPLEX LITIGATION 4TH § 11.442 ("Before discovery starts, and perhaps before the initial conference, the court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data, and records that may be relevant to the litigation."). When evaluating whether to issue a preservation order, courts may consider "(1) threats to preservation of the evidence, (2) irreparable harm likely to result to the party seeking preservation, and (3) the capability of the custodian to maintain the evidence sought to be preserved." *Comet Techs. United States of Am. Inc. v. Beuerman*, 2018 WL 1990226, No. 18-CV-01441-LHK, at *6 (N.D. Cal. Mar. 15, 2018) (internal citation omitted); *Stanley v. Ayers*, No. 07-CV-04727-EMC, 2018 WL 4488298 (N.D. Cal. Sept. 17, 2018) (collecting cases).

## IV. A PRESERVATION ORDER IS APPROPRIATE

xAI has been on notice of the claims against them in this Action since at least March 16, 2026, when Plaintiffs filed their complaint. Dkt. 1; *see also In re Napster*, 462 F.Supp.2d at 1068

(noting that there is "no doubt that a litigant has a duty to preserve evidence it knows or should know is relevant to imminent litigation" (internal citation omitted)). Plaintiffs' original complaint and their amended complaint allege specific instances of users creating AI-generated CSAM through xAI's model, Grok. Dkt. 1; 26. Thus, xAI has been on notice of the relevance of documents and communications related to its users' data showing users prompting Grok to create AI-generated CSAM and Grok complying since as early as March 16, 2026. *In re Napster*, 462 F. Supp. 2d at 1068.

Real threats to the preservation of evidence exist. Despite being on notice of its duty to preserve evidence, xAI's founder and CEO publicly posted that it was deleting all user data, Martin Decl. Ex. A, which is likely to be the source of evidence of users creating AI-generated CSAM. Nothing in Mr. Musk's July 13 post on X suggested the type of user data that xAI planned to delete was limited in any way to user data related to Grok Build. *Id.* xAI has twice failed to provide explanation as to what efforts it is taking to preserve relevant data, notwithstanding this threat of destruction. Martin Decl. Exs. C, E; *see also Forrest*, 2026 WL 2296683, at *6 (finding defendant's choice "not to retain data that was concededly on its servers, despite a duty to preserve such data, was unreasonable").

Plaintiffs are likely to be irreparably harmed by the loss of user information. xAI is in sole possession of much of the information relevant to Plaintiffs' claims, including user prompts and the outputs that Grok created in response, which Plaintiff cannot access elsewhere. *See Comet Techs.*, 2018 WL 1990226, at *7 (N.D. Cal. Mar. 15, 2018) (finding risk of irreparable harm where destruction of evidence undermines Plaintiffs' ability to determine extent of potential harm). This is especially true because Plaintiffs are aware, as alleged, that in at least some instances, xAI has failed to report potential images of CSAM, and has refused to respond to law enforcement requests for evidence. *See* Dkt. 26 at ¶¶ 171, 173 (alleging xAI only reported non-CSAM image of Jane Doe 4 to NCMEC, not the thousands of images Grok created, and that xAI refused to respond to law enforcement requests for time-sensitive location information). Thus, Plaintiffs cannot rely on subpoenaing third parties to get this information, and Plaintiffs will be irreparably harmed if xAI does not preserve all such data. *See Forrest*, 2026 WL 2296683, at *6

(finding deleted data solely in defendant's possession could not be replaced through additional discovery).

Finally, xAI is capable of maintaining the evidence sought to be preserved. xAI is a massive corporation and sophisticated litigant that is capable of implementing litigation holds, and imposing a preservation order as Plaintiffs seek would not unduly burden them. *Stanley*, 2018 WL 4488298, at *2 (granting motion to preserve evidence where nonmoving party indicated ability to preserve files at issue) xAI is also the party that has access to this data and is in the position to maintain it. *See Comet Techs.*, 2018 WL 1990226, at *7 ("[T]he Court finds that it is within Defendant's capacity to maintain the evidence that remains because all Defendant needs to do is . . . refrain from deleting digital information.").

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion for preservation of evidence be granted and that an appropriate order be entered confirming Defendant's preservation obligations, consistent with Plaintiffs' July 20, 2026, letter, during the course of the litigation.

Dated: September 3, 2026

Respectfully submitted,

By: */s/ Annika K. Martin*
Annika K. Martin

Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Elizabeth J. Cabraser (SBN 83151)
Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
ecabraser@lchb.com
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
Facsimile: 615.313.9965
Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Attorneys for Plaintiffs and the Proposed Classes*