Dena C. Sharp (SBN 245869)
dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman (pro hac to be filed)
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (pro hac to be filed)
mkelleher@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Micha Star Liberty (SBN 215687)
micha@libertylaw.com
**LIBERTY LAW**
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Phone: 510–645–1000

Margaret E. Mabie (pro hac to be filed)
Margaretmabie@marsh.law
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296- 9046

*Counsel for Plaintiff in the Proposed Related Case*
*Jane Doe 1 v. X.AI Corp et al., No. 5:26-cv-09016 (N.D. Cal.)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JANE DOE 1, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

X.AI CORP., et al.,

Defendants.

Case No. 5:26-cv-02246-PCP

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO PLAINTIFFS' MOTION FOR APPOINTMENT AS INTERIM CO-LEAD CLASS COUNSEL**

**NOTICE OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 22, 2026, at 10:00 A.M., or at such other date as ordered by the Court, at the Robert F. Peckham Courthouse, 280 S. First St., San Jose, CA 95113 Courtroom 8, 4th Floor, Plaintiff Jane Doe 1 in the proposed related case *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-09016 (N.D. Cal.) ("*Doe IV*") will move to intervene for the limited purpose of responding to Plaintiffs' Motion for Appointment of Interim Class Counsel.

## I. INTRODUCTION

As a child, Plaintiff Jane Doe 1 ("Plaintiff") was forced to appear in child sex abuse material ("CSAM") by an adult male perpetrator. Decades later, those images and videos, which have been heavily traded on the dark web, appeared on the X social media platform (previously known as Twitter) in original and modified form. On August 26, 2026, Plaintiff, on behalf of herself and a class of individuals who appear as minors in new explicit material generated and disseminated using Grok, brought an action against Defendant xAI. *See Doe IV*, Dkt. 1.

There are three additional apparently related proposed class actions on file in this District against xAI stemming from Grok's creation of non-consensual sexual images (*Doe I*, *Doe II*, and *Doe III*) (together with *Doe IV*, "Proposed Class Cases").[1] On August 24, 2026, counsel for *Doe II* and *Doe III* filed a motion for appointment of interim class counsel ("Leadership Motion") as to those two actions only. The Leadership Motion does not address the pending motions to relate, does not seek consolidation or coordination of the related cases, does not address the pending motions to transfer and stay, and does not identify the scope of the requested leadership appointment over the overlapping classes alleged in the Proposed Class Cases. Counsel for each of the Proposed Class Cases, all of which are in their early stages, have been effectively communicating as to case management issues and have

[1] *See Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-00772-PCP ("*Doe I*") (filed January 23, 2026), *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-2246-PCP (N.D. Cal.) ("*Doe II*") (filed March 16, 2026), and *Jane Doe 1 v. X.AI Corp et al.*, No. 3:26-cv-08567-SK ("*Doe III*") (filed August 18, 2026).

had productive discussions to date about coordination and potential leadership structures.

While leadership proceedings under Rule 23 will likely be advisable in these matters soon, the pending motion for appointment of interim class counsel is, in Plaintiff's view, premature at this point. Plaintiff respectfully seeks permission to intervene in *Doe II* for the limited purpose of responding to the Leadership Motion, and to ask the Court to: (1) hold the motion for appointment in abeyance, (2) resolve the pending relatedness motions, and the pending motions to transfer and stay in *Doe I*, and (3) set a status conference to discuss the status and early case management of the related matters before the Court, including the potential for consolidation and/or coordination of the proposed class actions, and appointment of interim class counsel.

## II. PROCEDURAL BACKGROUND

There are currently four proposed class actions pending before this Court against Defendants X.AI Corp. and X.AI LLC (together, "xAI"). Each action alleges that xAI intentionally designed its Grok AI model to generate "spicy" sexualized content and released the model without industry-standard protections against the creation and dissemination of sexually abusive material.[2] In each case, the named plaintiffs were the subjects of non-consensual sexualized images generated and/or distributed by Grok.[3]

On January 23, 2026, *Doe I* was first filed. *Doe I*, Dkt. 1. The *Doe I* operative complaint pleads twelve state law statutory and common law claims on behalf of a class of all people in the United States who had identifiable, sexualized content of themselves made by Grok without their consent, along with a subclass for individuals depicted as minors in sexualized content generated by Grok. *Id.*, Dkt. 28 (amended complaint). *Doe I* does not plead claims under the CSAM Statutes.

On March 16, 2026, *Doe II* was filed on behalf of individuals who were the subject of

---

[2] *See, e.g.*, *Doe I*, Dkt. 28 ¶¶ 42-101; *Doe II*, Dkt. 26 ¶¶ 33-35, 63-81; *Doe III*, Dkt. 1 ¶¶ 59-73; *Doe IV*, Dkt. 1 ¶¶ 42–63.

[3] *See, e.g.*, *Doe I*, Dkt. ¶¶ 102-154; *Doe II*, Dkt. 28 ¶¶ 132-190; *Doe III*, Dkt. 1 ¶¶ 112-131; *Doe IV*, Dkt. 1 ¶¶ 78-92.

sexualized images created by Grok that depict them as minors.[4] The *Doe II* operative complaint alleges that each named plaintiff in *Doe II* had non-sexual images of themselves altered to create CSAM. *See Doe II*, Dkt. 26. *Doe II* pleads sixteen claims both under federal law and state law, including the CSAM Statutes. *Id*. The Court has granted a motion to relate *Doe I* and *Doe II*. *See Doe I*, Dkt. 25; *Doe II*, Dkt. 16.

On June 5, 2026, Defendant xAI filed a motion to transfer *Doe I* to the Northern District of Texas, *Doe I*, Dkt. 41, along with a motion to stay the case, *id.*, Dkt. 39. Defendants' motion to transfer is predicated on a forum selection clause in xAI's terms of service, which xAI contends is applicable to the *Doe I* plaintiffs as X users. *Id*. Dkt. 41. Both motions have been fully briefed, and oral argument was heard on July 30, 2026. Per stipulation of the parties, Defendants will not be required to respond to *Doe I* plaintiffs' amended complaint until after the Court issues a ruling on the pending motion to transfer. *Id*. Dkt. 13. The initial case management conference will be held no sooner than 30 days after the Court issues a ruling on Defendants' motion to dismiss. *Id*.

On August 18, 2026, *Doe III* was filed. Like *Doe II*, the *Doe III* class is limited to individuals depicted as minors in sexualized images created by Grok, but none of the plaintiffs plead that pre-existing CSAM was used to create these images. An additional motion to relate *Doe I* and *Doe II* to the later-filed *Doe III* is currently pending. *See Doe I*, Dkt. 69. Defense counsel have not yet appeared in *Doe III*.

On August 24, 2026, counsel for plaintiffs in *Doe II* and *Doe III* filed the Leadership Motion, requesting that the Court appoint them interim class counsel over a class consisting of "individuals who had images of themselves as minors manipulated by Grok into AI-generated CSAM." *Doe II*, Dkt. 41 at 6.

On August 26, 2026, Plaintiff filed her complaint in *Doe IV*, which asserts only two claims under the CSAM Statutes. Unique from the individuals named in *Doe I*, *Doe II*, and *Doe III*, Plaintiff is

---

[4] *Doe II* also pleads claims against defendants Stability AI U.S. Services Corp. and Stability A.I., Inc., which operate a separate AI platform. *See Doe II*, Dkt. 26. These defendants do not appear in the other cases currently on file.

a survivor who was forced by her abuser to create CSAM as a child. Plaintiff alleges that those "legacy" CSAM materials have been used by Grok to generate new explicit materials depicting her as a minor. *See Doe IV*, Dkt 1 ¶¶ 78-92. By contrast, the *Doe I*, *Doe II*, and *Doe III* plaintiffs are all individuals who had non-sexual images of themselves edited by Grok to depict them in sexual contexts. Plaintiff subsequently filed a motion to relate *Doe IV* to the other three class actions currently on file. *See Doe I*, Dkt. 73. That motion is pending. Defense counsel has not yet appeared in *Doe IV*.

Counsel for the Proposed Class Cases have been in close communication about early case management issues, as well as potential structures for leadership of these cases. These discussions have been productive and counsel for *Doe IV* expects them to continue. Decl. ¶ 2. In addition, the landscape of the Proposed Class Cases continues to evolve. On September 11, 2026, The New York Times released an investigative report detailing the proliferation of sexually explicit material on X created by Grok, including material featuring known victims of childhood sexual abuse.[5] Additional cases may be filed in the near term as well.

## III. ARGUMENT

### 1. Plaintiff should be permitted to intervene.

Federal Rule of Civil Procedure 24(b)(1)(B) provides in relevant part that "the court may permit anyone to intervene [in an action] who . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention generally requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). When "intervenors do not seek to litigate a claim on the merits," however, an independent ground for jurisdiction is not required. *Id.* "[T]he requirements for intervention are broadly interpreted in favor of intervention." *See Rollins v. Dignity Health*, No. 13-CV-01450-JST, 2020 WL 13220648, at *2 (N.D. Cal. Nov. 2, 2020) (quoting *United States v. Alisal Water*

[5] *Despite Pledges From Musk, Child Sexual Abuse Material Persists on X*, The New York Times, https://www.nytimes.com/2026/09/11/technology/x-grok-child-images.html, Sept. 11, 2026 (last visited Sept. 15, 2026).

*Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). Once these requirements are met, permissive intervention is "at the district court's discretion." *See Bolooki v. Honda Motor Co.*, No. 2:22-cv-04252, 2023 WL 2626990, at *1 (C.D. Cal. Jan. 12, 2023). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In addition, the court may consider a number of additional factors, including "the nature and extent of the intervenors' interest"; "the legal position they seek to advance, and its probable relation to the merits of the case"; and "whether the intervenors' interests are adequately represented by other parties[.]" *Babu v. Ahern*, No. 18-cv-07677, 2020 WL 4700987, at *1 (N.D. Cal. Aug. 13, 2020) (quoting *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011)).

Plaintiff seeks to intervene for the limited purpose of requesting that the Leadership Motion be held in abeyance pending resolution of several outstanding motions that may impact the organization of the cases before the Court. This limited request meets the requirements for permissive intervention. The motion is also timely because it was filed approximately three weeks after the Leadership Motion, *Doe II*, Dkt. 41 and the *Doe IV* complaint were filed, *Doe IV*, Dkt. 1, and on the parties' stipulated extended deadline for responding to the Leadership Motion, *Doe II*, Dkt. 51. Plaintiff has conferred with Defendants who take no position on the issue of intervention. Decl. ¶¶ 4-5. Plaintiff has also conferred with the *Doe II* and *Doe III* Plaintiffs. Counsel for *Doe II* stated that while the *Doe II* Plaintiffs do not oppose limited intervention by the *Doe IV* Plaintiff for the purpose of stating her position, they do oppose the substance of the position stated in the Motion and intend to respond to that position in their reply. Decl. ¶ 3.

The discretionary factors also weigh in favor of intervention. This motion will neither prejudice Plaintiff nor the class she proposes to represent. Further, *Doe IV* overlaps substantially with *Doe II* and *Doe III*. Plaintiff asserts overlapping causes of action, stemming from the same (or similar) facts, on behalf of a similar class. *Cf. Clarke v. First Transit, Inc.*, No. 07-cv-06476, 2012 WL 12877865, at *10 (C.D. Cal. Nov. 2, 2012) (permitting intervention where intervenors were nominally within the class definition). All members of proposed classes in *Doe I*, *Doe II*, *Doe III*, and *Doe IV* will benefit from the

orderly adjudication of these complex, related actions. Thus, because Plaintiff's request to intervene is limited and it otherwise meets all the criteria for permissive intervention, the request should be granted.

**2. Holding the Leadership Motion in abeyance is justified and within the Court's inherent power.**

Courts have inherent discretion to manage their dockets and the "course of litigation" under Federal Rule of Civil Procedure 16, including the power to stay "pending resolution of independent proceedings which bear upon the case." *See Feindt v. United States*, No. CV 22-00397 LEK-KJM, 2024 WL 5344450, at *1 (D. Haw. July 17, 2024) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)) (staying depositions across six related actions pending a ruling in a related bellwether case); *see also In re MCG Health Data Sec. Issue Litig.*, Case No. 2:22-cv-00849 (W.D. Wash.) Dkt. 28 (granting motion to intervene and denying motion to appoint interim co-lead counsel without prejudice given its "premature" filing). Here, Plaintiff does not ask the court to stay the case, but as a matter of case management merely to defer a decision on the Leadership Motion pending resolution of Defendant's motion to transfer and stay in *Doe I* and the pending relatedness motions, consolidation of the actions if and as appropriate, and the establishment of an orderly process for the Court to consider interested plaintiffs' counsel's qualifications for leadership. Holding the Leadership Motion in abeyance will not prejudice any party. Instead, this measured course of action will benefit the proposed classes and allow the Court to make an informed decision as to interim class leadership at the appropriate procedural juncture.

**i. Appointment of Interim Class Counsel would be premature and risk creating duplicative litigation.**

Appointment of interim class counsel will be appropriate and necessary, likely in short order. The significant overlap in the classes, claims, and factual bases pled in each of the four proposed class actions filed to date, as well as the sensitive nature of the claims and the requisite interface with law

enforcement officials,[6] suggests that the litigation will proceed most efficiently under an interim leadership structure early in the litigation. In addition, the California Attorney General has announced an investigation of xAI for allegations that Grok created and disseminated non-consensual AI-generated sexual images, including CSAM.[7] The existence of a parallel government investigation will provide the opportunity for efficient early discovery in these actions, but will also require additional coordination among plaintiffs to effectively manage discovery.

A decision on the pending Leadership Motion should be deferred, however, because several of the apparently related cases have not yet been related, and there are outstanding procedural motions to be addressed, including the *Doe I* transfer and stay motions. Defense counsel have not yet appeared in *Doe III* or *Doe IV*. Under similar circumstances, this Court and others have deferred appointment of interim counsel until consolidation and coordination issues have played out. *See, e.g.*, *Copeland et al. v. Energizer Holdings, Inc. et al.*, No. 5:23-cv-02087 (N.D. Cal.) (Pitts, J.) Dkt. 108, Hr'g Tr. 30:3-10 (declining to appoint interim lead counsel in absence of "an immediate need" prior to class certification). Setting a process for appointment at the appropriate juncture will allow procedural issues to come to ground while ensuring that leadership is timely appointed as needed to effectively litigate these actions.

**ii. Temporary deferral of a leadership determination will not prejudice any party.**

Plaintiff seeks a brief deferral of a decision on leadership, pending early case management

[6] A number of states allow the release of certain criminal investigation records and/or personal information only by court order. *See, e.g.*, Kan. Stat. Ann. § 45-221(a)(10) (requiring a court order for disclosure of "criminal investigation records"); Ky. Rev. Stat. Ann. § 61.878(a), (h) (requiring a court order for disclosure of certain categories of public records, including records containing "information of a personal nature" and certain information related to ongoing law enforcement investigations); Minn. Stat. Ann. § 13.82, Subd. 7. Criminal investigative data; Subd. 13. Access to data for crime victims (withholding records of active criminal investigations from public inspection without court order, with discretionary exceptions for crime victims); Ala. Code § 12-21-3.1(c) (limiting access to criminal evidence and investigative materials by "[n]oncriminal parties" to require a court order).

[7] Cal. Dept. of Justice Office of the Attorney General, "*Attorney General Bonta Sends Cease and Desist Letter to xAI, Demands It Halt Illegal Actions Immediately*" (2026), https://oag.ca.gov/news/press-releases/attorney-general-bonta-sends-cease-and-desist-letter-xai-demands-it-halt-illegal

activities, and proposes that the Court set a status conference to address how the actions should proceed and, if the Court deems it appropriate, interim leadership. This streamlined procedure will simplify the issues and offer sensible process that takes into account the early phase of this litigation.

The process Plaintiff proposes prejudices no party, conserves judicial and party resources, and allows for orderly proceedings to permit the Court to comprehensively consider leadership appointments as provided under Rule 23(g)(2). *See Four In One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017, 2009 WL 747160, at *2 (E.D. Cal. Mar. 20, 2009) ("[T]he Court must itself endeavor to select counsel best able to represent the interests of the purported class."); Fed. R. Civ. P. 23(g)(2)(A), Committee Note to the 2003 amendments (noting that the court may defer appointment of interim class counsel).

In any event, whenever the Court deems it appropriate to proceed and appoint leadership, counsel for *Doe IV* respectfully request leave to present their qualifications under Rule 23(g)(1)(A) and make a proposal for leadership.[8]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter Plaintiff's proposed order permitting her to intervene; holding the *Doe II* motion for appointment of interim class counsel in abeyance briefly pending resolution of the *Doe I* motions to transfer and stay, and the pending relatedness motions; and setting a status conference at the Court's convenience. In the alternative, Plaintiff asks that her counsel be permitted to present their qualifications to the Court as part of a Rule 23(g) leadership process.

Dated: September 15, 2026

Respectfully submitted,

By: */s Dena C. Sharp*
Dena C. Sharp (SBN 245869)

[8] Plaintiff understands that counsel in *Doe I*, *Doe II*, and *Doe III*, are seeking leave to be appointed now. While Plaintiff believes the best course is to allow for resolution of the organizational and transfer motions prior to appointment, in the event the Court is inclined to appoint now, Plaintiff respectfully requests that her counsel be permitted to present their credentials to the Court for consideration.

dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman (pro hac to be filed)
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (pro hac to be filed)
mkelleher@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Micha Star Liberty (SBN 215687)
micha@libertylaw.com
**LIBERTY LAW**
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Phone: 510–645–1000

Margaret E. Mabie (pro hac to be filed)
Margaretmabie@marsh.law
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296- 9046

*Counsel for Plaintiff in the Proposed Related Case Jane Doe 1 v. X.AI Corp et al., No. 5:26-cv-09016 (N.D. Cal.)*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I served the foregoing document on all counsel on record through the Court's CM/ECF filing system.

By: */s Adam E. Polk*
Adam E. Polk