[Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, et al.<br>Plaintiff,<br>v.<br>X.AI CORP. et al.,<br>Defendants. | Case No. 5:26-cv-2246-PCP |
| JANE DOE I, et al.,<br>Plaintiffs,<br>v.<br>X.AI CORP., et al.,<br>Defendants. | Case No. 3:26-cv-08567-PCP |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS INTERIM CO-LEAD CLASS COUNSEL**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1
II. THE COURT SHOULD APPOINT INTERIM LEADERSHIP NOW. ........ 2
A. There is an Actual Leadership Dispute Requiring Judicial Management........ 2
B. The Pending Motions Do Not Justify Delaying Resolving Leadership........ 4
1. The Pending Motion to Stay the Berger Action Does Not Prevent Appointment Now........ 5
2. The Pending Motion to Transfer the Berger Action Does Not Prevent Appointment Now........ 5
C. Delaying Resolving Leadership Will Exacerbate Uncertainty Between the Proposed Class Actions........ 7
III. THE FACTUAL RECORD AND 23(g) FACTORS FAVOR APPOINTING LIEFF CABRASER AND BEASLEY ALLEN........ 8
A. The Pending Related Actions........ 8
B. Lieff Cabraser and Beasley Allen Are Best-Suited to Co-Lead the Classes Here........ 11
IV. CONCLUSION........ 13

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Copeland v. Energizer Holdings, Inc.*, No. 5:23-cv-02087-PCP, Hr'g Tr. at 24 (N.D. Cal. Jan. 11, 2024) .................................. 1, 3, 6

*Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970 (N.D. Cal. 2016) .................................. 6

*In re Data Breach Sec. Litig. Against Brightline, Inc.*, No. 23-cv-02132 WHA, 2023 WL 6131609 (N.D. Cal. Sept. 18, 2023) .................................. 2

*Delaney v. Sensa Prods., LLC*, No. 14-cv-2120 JLS (WVG), 2015 WL 13828624 (S.D. Cal. Apr. 13, 2015) .................................. 7, 8

*Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012) .................................. 9

*In re MCG Health Data Sec. Issue Litig.*, No. 2:22-cv-00849-RSM, Dkt. 28 (W.D. Wash. Aug. 4, 2022) .................................. 6, 7, 9

*In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) .................................. 6

*In re Nissan N. Am., Inc. Litig.*, No. 18-cv-07292-HSG, 2019 WL 4601557 (N.D. Cal. Sept. 23, 2019) .................................. 3

*Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 WL 4483123 (W.D. Wash. Sept. 27, 2022) .................................. 7

*In re Plum Baby Food Litig.*, No. 21-CV-913-YGR, 2021 WL 3271213 (N.D. Cal. July 30, 2021) .................................. 6

*Shoemaker v. Taylor*, 730 F.3d 778 (9th Cir. 2013) .................................. 9

*United States v. Mecham*, 950 F.3d 257 (5th Cir. 2020) .................................. 9

**Statutes**

18 U.S.C.A. § 2252(a) .................................. 10

18 U.S.C.A. § 2252A .................................. 10

18 U.S.C. § 2255 .................................. 10

18 U.S.C. § 2256(8) .................................. 11

Ark. Code Ann. § 5-14-139 .................................. 10

Ark. Code Ann. § 16-118-121 .................................. 10

**Court Rules**

Rule 23(g) .................................. *passim*

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**Treatises**

Manual for Complex Litig., § 21.11 (4th ed. 2004) .......... 4

## I. INTRODUCTION

Intervenors'[1] filings make clear that there is an "immediate need to decide who is going to be able to decide how this case moves forward." *Cf. Copeland v. Energizer Holdings, Inc.*, No. 5:23-cv-02087-PCP, Hr'g Tr. at 24 (N.D. Cal. Jan. 11, 2024) (Attached as Ex. A). Attempts to reach an agreement have so far proven unsuccessful, and the parties now advance materially different positions concerning both whether leadership should be appointed and who should serve. The circumstance that was absent in *Copeland* is therefore present here: an actual intradistrict leadership dispute requiring judicial management now.

Intervenors both argue appointment should wait (although Berger Montague also asks to be appointed co-lead counsel). But none of the pending motions prevent the Court from appointing leadership now. The administrative motions to relate have since been resolved (Berger Action, Dkt. 79), and the pending motion to stay Berger Montague's case has no bearing on whether or when to appoint leadership. And there is no need to wait for the resolution of the motion to transfer Berger Montague's case: should leadership appointment include Berger Montague, it can simply be conditioned on appointed counsel continuing to represent plaintiffs whose claims remain in this District. Nor would waiting simplify the leadership question. The conflict is already ripe, and additional overlapping filings would only increase the number of putative constituencies and leadership claimants.

The 23(g) factors and the chronological record here favor appointing Lieff Cabraser and Beasley Allen as Co-Lead Counsel of the Minor Sexualized Content[2] claims now. First and most importantly, Lieff Cabraser investigated and filed the first case actually brought on behalf of minors, including the Masha's Law claims involving the most egregious allegations, those of AI-generated CSAM. Lieff Cabraser's complaint does not face the stay and transfer issues now confronting the Berger Montague case. And after Lieff Cabraser filed, Berger Montague

---

[1] Berger Montague PC ("Berger Montague") and Girard Sharp LLP ("Girard Sharp") have moved to intervene. Dkts. 53, 54. Plaintiffs here do not oppose their limited intervention.

[2] These include claims by anyone who had Grok-generated sexualized content created of themselves as minors.

amended their complaint to include portions of text identical to Lieff Cabraser's factual allegations and adopting Lieff Cabraser's class definition; Girard Sharp then filed likewise including text nearly identical to Lieff Cabraser's.

Second, Lieff Cabraser and Beasley Allen readily satisfy the remaining Rule 23(g) factors, including through their extensive experience litigating complex class actions and representing victims of sexual abuse and trauma, including minors.

Lieff Cabraser and Beasley Allen therefore respectfully maintain their request that the Court grant their motion, Dkt. 41, and appoint Annika K. Martin and W. Daniel (Dee) Miles as Co-Lead Class Counsel over the proposed Nationwide xAI Class (and Subclass) pleaded in their complaints, to wit: "All persons in the United States who had real images of themselves as minors altered by xAI/Grok to produce images or videos of sexually explicit conduct or content with their faces and/or other distinguishing features reasonably identifiable." Dkt. 26, ¶ 194.

Alternatively, if the Court wishes to consider proposals from Intervenors before making an appointment, Plaintiffs request that the Court keep the October 1, 2026 hearing on calendar, direct counsel for all four class actions to meet and confer and submit either an agreed joint proposal or short competing proposals identifying each proposed leadership structure and the qualifications supporting it by September 28, 2026, and address interim leadership at the October 1, 2026 hearing, or as soon as possible, before or after October 1.

## II. THE COURT SHOULD APPOINT INTERIM LEADERSHIP NOW.

### A. There is an Actual Leadership Dispute Requiring Judicial Management.

Before the Court are four overlapping proposed class actions and disagreement among the four firms how to best proceed with leadership, necessitating judicial management. *See In re Data Breach Sec. Litig. Against Brightline, Inc.*, No. 23-cv-02132 WHA, 2023 WL 6131609, at *2 (N.D. Cal. Sept. 18, 2023) ("Appointment of interim class counsel is appropriate here . . . There is evidenced rivalry between the firms given the competing motions[.]"). In the three weeks between the filing of Plaintiffs' motion and Intervenors' filings, counsel for the four pending overlapping class actions met and conferred numerous times regarding a coordinated

leadership structure. Martin Decl. at ¶ 6. At Intervenors' request, to facilitate these conversations, Lieff Cabraser sought a stipulated extension of the time to respond to their motion to allow for additional time for the four firms to continue discussing potential coordinated leadership. *Id.* at ¶ 8; Dkt. 51. During those discussions, Lieff Cabraser and Beasley Allen offered two different proposed coordinated leadership structures to Berger Montague and Girard Sharp, which the latter two firms rejected. *Id.* at ¶ 7.

Berger Montague filed a motion to intervene and included as an exhibit their opposition to the underlying motion for appointment of interim co-lead class counsel. Dkt. 53, 53-7 ("Berger Opp'n"). Berger Montague's opposition requests that the Court deny the Proposed Co-Lead Class Counsel motion or alternatively appoint Berger Montague as co-lead class counsel alongside any or all of the other three firms for the four proposed class actions. Berger Opp'n at 1–2.

Girard Sharp similarly filed a motion to intervene. Dkt. 54 ("Girard Mot."). Girard Sharp asks the Court to hold the underlying motion in abeyance until the then-pending motions for relatedness across the five overlapping actions and motions to stay and transfer in the Berger Action are resolved, and to set a status conference at some undefined future time to discuss the early case management of the related matters, including appointment of interim class counsel. *Id.* at 2.

Contrary to Intervenors' arguments, the Court should not wait for additional conflict and competition to materialize before establishing an appropriate leadership structure. Unlike in *Copeland*, where the three plaintiff groups were already coordinated and "working well together" such that the Court found no "obvious, immediate conflict," and the only articulated concern was that another party *might* file a similar case, here Intervenors' filings evince an obvious conflict and the "immediate need to decide who is going to be able to decide how this case moves forward." *Cf.* No. 5:23-cv-02087-PCP, Hr'g Tr. at 24.[3]

---

[3] *See In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *4 (N.D. Cal. June 21, 2016) (denying motion for appointment of interim class counsel where "no

Berger Montague's argument that Plaintiffs' motion is premature because there is "no rivalry" here, Berger Opp'n at 6, is belied by Intervenors' own filings. Further, its complaint that Plaintiffs' motion did not address the Berger or Girard Actions, Berger Opp'n at 7, is equally unavailing. As an initial matter, while Plaintiffs knew it was coming, the Girard Action had not yet been filed when Plaintiffs here filed their leadership motion. *See* Motion, Dkt. 41 (filed on August 24, 2026); Girard Action, Dkt. 1 (filed August 26, 2026). As for the Berger Action, Plaintiffs did not address it because Plaintiffs' motion seeks leadership over the Minor Sexualized Content claims that Lieff Cabraser developed and was first to file. Berger later amending their adult-claims-only[4] complaint to include factual allegations and minor class definition directly from Lieff Cabraser's complaint does not render Plaintiffs' leadership motion premature; if anything, that chronology supports Lieff Cabraser and Beasley Allen's leadership over the Minor Sexualized Content claims Lieff Cabraser developed.

Given the immediate, obvious conflict among firms for the four pending, overlapping class actions before this Court, now is the appropriate time to resolve questions of leadership to ensure the just and efficient prosecution of this case.

### B. <u>The Pending Motions Do Not Justify Delaying Resolving Leadership.</u>

Both Berger Montague and Girard Sharp ask the Court to defer any ruling on the Motion until the motions to relate and the motion to transfer and stay in the Berger Action are resolved. Berger Opp'n. at 6–11; Girard Mot. at 6–7. But the motions to relate have all been granted as of September 22, 2026,[5] and there is no reason to wait for the stay or transfer motions.

---

confusion as to counsels' role" as counsel between cases coordinating); *In re Nissan N. Am., Inc. Litig.*, No. 18-cv-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (denying motion for appointment of interim class counsel where "[t]here is no rivalry between the firms or signs that a rivalry exists: instead, the firms have already demonstrated their ability to cooperate and work together[.]").

[4] While Berger's initial complaint alleged a class of "all persons," it had no class representative with any minor claims and therefore could not support a class including any Minor Sexualized Content claims.

[5] Berger Action, Dkt. 79.

**1. The Pending Motion to Stay the Berger Action Does Not Prevent Appointment Now.**

The pending stay motion in the Berger Action provides no reason to defer appointment. Whether that action is stayed has no bearing on the need to begin deciding how the overlapping claims against xAI will be prosecuted—particularly the AI-CSAM claims, which the Berger Action does not assert at all.

**2. The Pending Motion to Transfer the Berger Action Does Not Prevent Appointment Now.**

Similarly, there is no need to wait for the resolution of the motion to transfer Berger Montague's case: should leadership appointment include Berger Montague, it can simply be conditioned on appointed counsel continuing to represent plaintiffs whose claims remain in this District.

Neither Berger Montague nor Girard Sharp cites, and Plaintiffs are aware of none, any decision holding that a pending transfer motion in a related action bars or delays a Rule 23(g)(3) appointment.[6] On the contrary, courts have appointed interim class counsel notwithstanding a pending motion to transfer venue in a related, but unconsolidated, action. For example, in *In re Plum Baby Food Litig.*, the court denied a motion to transfer and granted in part a motion to appoint interim co-lead counsel in the same order, with no suggestion that the transfer question needed to be resolved first or separately. No. 21-CV-913-YGR, 2021 WL 3271213, at *7 (N.D.

---

[6] While Girard Sharp cites *Feindt v. United States* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*), that case stands for the unremarkable proposition that a district court has inherent authority to stay proceedings pending an independent proceeding. 2024 WL 5344450, at *1 (D. Haw. July 17, 2024) (quoting 593 F.2d 857, 863–64 (9th Cir. 1979)). *Feindt* applied that limit to stay depositions in six coordinated FTCA actions pending a bellwether trial that would "provide clarity about the scope of relevant discovery in all of the pending cases," all of which arose from the same two fuel-leak events. 22-cv-00397 LEK-KJM, 2024 WL 5344450, at *2–3.

Berger Montague cites *In re Meta Pixel Healthcare Litig.* for the proposition that "any motion for appointment is premature" until the Court has resolved "threshold issues impacting how the cases will proceed." Berger Opp'n. at 2 (citing 2022 WL 18399978, at *1 (N.D. Cal. Dec. 21, 2022). *Meta Pixel*, however, merely states that the Court consolidated seven related actions and set a briefing schedule for appointment of interim class counsel. No. 22-cv-03580-WHO, 2022 WL 18399978, at *1. Nowhere did the Court say it was necessary to rule on the consolidation motion prior to appointment of interim class counsel.

Cal. July 30, 2021); *see also Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 994 (N.D. Cal. 2016) (denying motion to transfer, but granting interim class counsel appointment).

Intervenors' attempt to rely on the *Copeland* hearing at which the Court denied a motion to designate interim class counsel. Girard Mot. at 7 (quoting *Copeland, Inc.*, No. 5:23-cv-02087-PCP, Hr'g Tr. 30:3–10); *see also* Berger Opp'n. at 2 (same). In that hearing, the Court did not treat the pending motion to dismiss as a reason to postpone the interim-counsel question. To the contrary, when the Court turned to the motion for interim class counsel later in the same hearing, it decided the motion on the merits, denying it because the three coordinated plaintiff groups were "working well together" and no "obvious, immediate conflict" or "immediate need to decide who is going to be able to decide how this case moves forward" had been shown. *Id.* at 24:4–25:14. Nowhere in that discussion did the Court suggest that the pendency of the fully briefed and pending motion to dismiss had any bearing on whether the motion for interim counsel could or should be decided.

Girard Sharp's remaining citation, *In re MCG Health Data Sec. Issue Litig.*, is no more availing. Girard Mot. at 5 (citing No. 2:22-cv-00849-RSM, Dkt. 28 (W.D. Wash. Aug. 4, 2022)). There, an intervening plaintiff group asked the court to hold a pending interim-counsel motion "in abeyance pending the Court's formal organization of this litigation" while an order to show cause on consolidating nine related cases remained outstanding. Dkt. 28 at 2. In an unpublished opinion, the court found the appointment motion premature but expressly rejected abeyance, and instead denied the motion without prejudice, noting in part that the moving parties "fail[ed] to address how appointing them interim co-lead counsel would 'protect[] the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* at 3 (citing Manual of Complex Litigation § 10.22). Here, however, Lieff Cabraser and Beasley Allen proposed specific responsibilities that Proposed Co-Lead Class Counsel would undertake consistent with Rule 23(g) and the Manual of Complex Litigation. Dkt. 41 at 13–15.

In all, there is no support for the contention that a 23(g) appointment must wait for the resolution of a motion to transfer a related case. And even if there were, any issue can be resolved by simply making any appointment of Berger Montague contingent on counsel having live claims in this District.

### C. <u>Delaying Resolving Leadership Will Exacerbate Uncertainty Between the Proposed Class Actions.</u>

Delaying appointment of interim class leadership will lead to duplicative work as there will continue to be uncertainty between the four overlapping proposed class actions. *Delaney v. Sensa Prods., LLC*, No. 14-cv-2120 JLS (WVG), 2015 WL 13828624, at *3 (S.D. Cal. Apr. 13, 2015) ("[A]ppointing interim class counsel at this stage in the proceedings will eliminate duplicative work going forward in the interests of judicial efficiency."); *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 WL 4483123, at *4 (W.D. Wash. Sept. 27, 2022) ("Appointing interim class counsel would likely achieve greater efficiency and clarity in the pre-certification stages of this suit." (internal citation omitted)). As in *Delaney v. Sensa Products LLC*, now—early in the case—is the appropriate time to resolve the question of leadership to avoid continued uncertainty and disagreement between counsel for the four overlapping proposed class actions. 2015 WL 13828624, at *3 (appointing class counsel over opposition to appointment arguing that appointment would be "premature").

And waiting will further complicate the leadership question, as additional overlapping filings would only increase the number of putative constituencies and leadership claimants. That prospect is not merely speculative; indeed, Girard Sharp acknowledges that additional "may be filed in the near term as well." Girard Mot. at 4. Thus, delay offers no prospect of simplifying the leadership question; it risks only adding additional claimants to a dispute that is already ripe for resolution.

## III. THE FACTUAL RECORD AND 23(g) FACTORS FAVOR APPOINTING Lieff Cabraser AND BEASLEY ALLEN.

### A. The Pending Related Actions.

Lieff Cabraser began investigating potential claims related to xAI's Grok model in the beginning of 2026. Martin Decl. at ¶ 2–3. Lieff Cabraser first published an investigation and claims intake page on their website for sexualized deepfakes created by Grok on January 16, 2026—a week before the Berger Montague case was on file. *Id.* at ¶ 2.

On January 23, 2026, Berger Montague filed *Doe et al. v. X.AI Corp., et al.*, No. 5:26-cv-772-PCP (N.D. Cal.) Dkt. 1. As originally filed, the case concerned xAI's creation and dissemination of NCII of adults only. *Id.* The Berger Action originally defined their proposed Nationwide Class as: "All persons in the United States that, within the statute of limitations (the "Class Period"), have been depicted in sexualized or revealing deepfakes created and disseminated by Grok without their consent." *Id.* at ¶ 89. While that class definition was broad enough to include minors and AI-generated CSAM, their claims only concerned adults, and their only class representative at the time was an adult who had images of herself as an adult manipulated by Grok into NCII. *Id.* at ¶¶ 71–87. Nothing about Berger's initial filing indicated development of Minor Sexualized Content claims, and indeed they were not included in any way besides via the broad class definition unsupported by any representative asserting Minor Sexualized Content claims.

On March 16, 2026, Lieff Cabraser filed the first nationwide class action complaint against xAI on behalf of those who had images of themselves as minors manipulated by Grok into AI-generated sexualized content. Dkt. 1. Prior to filing, Lieff Cabraser conducted extensive research into generative AI and the current legal landscape regarding "morphed" CSAM and how that law would apply to the novel technology at issue. Martin Decl. at ¶ 3; *see also* Dkt. 1 at 74 (citing *United States v. Hotaling*, 634 F.3d 725 (2d Cir. 2011); *United States v. Mecham*, 950 F.3d 257 (5th Cir. 2020); *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012); *Shoemaker v. Taylor*, 730 F.3d 778, 786–87 (9th Cir. 2013)). Lieff Cabraser's complaint does not face the stay and transfer

issues now confronting the Berger Montague case, by not including any class representatives with X accounts or victims in ongoing criminal prosecutions.

The Lieff Cabraser Plaintiffs first defined the proposed Nationwide Class as: "All persons in the United States who had real images of themselves as minors altered by xAI/Grok to produce sexualized images or videos with their faces and/or other distinguishing features reasonably identifiable." Dkt. 1 at ¶ 107. The Lieff Cabraser Action Plaintiffs brought AI-CSAM-specific claims under Masha's Law and the Trafficking Victims Protection Act ("TVPA"), as well as state statutory and common law claims. *Id.* at ¶¶ 116–239. Thus, Lieff Cabraser's complaint was the first to fulsomely develop the Minor Sexualized Content claims, including the critically important Masha's Law and TVPA claims. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

On May 1, 2026, Berger Montague amended its complaint to include three additional adult named plaintiffs (one with non-CSAM Minor Sexualized Content claims) and add a minor subclass using the definition copied from the Lieff Cabraser Action. Berger Action, Dkt. 28 ¶ 156. The amended Berger Action also included verbatim significant factual research and allegations from the Lieff Cabraser complaint regarding the development of Grok and how generative AI models create images. *Compare, e.g.,* Berger Action, Dkt. 28, ¶¶ 33–35, 38–39, 45–46, 64, 78–79, 82–83 *with* Lieff Cabraser Action, Dkt. 1, ¶¶ 38–40, 41–42, 49–50, 58, 18–19, 22–23. Even post-amendment, though, the Berger Action does not include any AI CSAM allegations or class representative or claims under Masha's Law or the TVPA.

Lieff Cabraser filed an amended complaint on July 7, 2026, to add two additional named plaintiffs (one adult and one minor, both with Minor Sexualized Content claims) and add Defendant Stability AI. Dkt. 26. The Nationwide xAI Class definition in the Lieff Cabraser Action was changed to: "All persons in the United States who had real images of themselves as minors altered by xAI/Grok to produce images or videos of sexually explicit conduct or content with their faces and/or other distinguishing features reasonably identifiable." *Id.* This refinement more closely aligns the Nationwide Class definition with the definition of CSAM under federal

law. 18 U.S.C.A. §§ 2252(a), 2252A (defining CSAM as a "visual depiction of a minor engaging in sexually explicit conduct"), § 2256(2) (defining "sexually explicit conduct"), while avoiding tying it directly to the statute (to avoid a fail-safe argument) and while leaving it broad enough to encompass non-CSAM Minor Sexualized Content.

On August 17, 2026, Beasley Allen filed another proposed nationwide class action against xAI on behalf of a group of six Arkansas minors who had images of themselves as minors manipulated by Grok into AI-generated CSAM: *Doe I, et al. v. x.AI Corp., x.AI Corp.*, 3:26-cv-8567 (N.D. Cal.) Dkt. 1. The Beasley Action therefore brings claims on behalf of six minors for violations of Masha's Law; the TVPA; civil liability for unlawful creation of deepfake visual material under Arkansas law, Ark. Code Ann. §§ 5-14-139, 16-118-121; and several additional common law claims. *Id.*

On August 26, 2026, Girard Sharp filed its action: *Doe v. x.AI Corp.*, No. 5:26-cv-9016 (N.D. Cal.) Dkt. 1. Like the Berger amended complaint, the Girard Action included significant factual material directly from the Lieff Cabraser Action Plaintiffs' complaints. *Compare, e.g.,* Girard Action, Dkt. 1 at ¶¶ 40–57, 60, 64–65, 67 *with* Lieff Cabraser Action, Dkt. 26, ¶¶ 61–76, 79, 83–84, 86. The Girard Action Plaintiff is an adult "Legacy CSAM" victim who had known CSAM of herself as a minor manipulated by Grok into AI-generated CSAM. *Id.* at ¶¶ 78–92. The Girard Action brings claims for violations of Masha's Law and of the federal prohibitions on obscene visual representations of the sexual abuse of children. *Id.* at ¶¶ 103–23. The Girard Action proposes a Nationwide Class defined as: "All persons in the United States whose images or videos, when they were minors, were altered by Grok to produce child pornography within the meaning of 18 U.S.C. § 2256(8)," *id.* at ¶ 94, which is a subset of Lieff Cabraser's class definition.

On September 4, 2026, Goldberg, Goldberg & Maloney ("Goldberg") filed on behalf of three individual plaintiffs who had images of themselves as minors manipulated by Grok into AI-generated CSAM: *Jane Doe 1, et al. v. x.AI Corp. et al.*, No. 5:26-cv-9617 Dkt. 1. The Goldberg Action is not a class action. The Goldberg Action brings claims for violations of Masha's Law,

claims under the TVPA, as well as California state civil law violations, violation of Pennsylvania law, and violation of common law. *Id.* Goldberg counsel contacted Lieff Cabraser prior to filing, and after arms-length discussions, agreed on cooperation with Lieff Cabraser and that they support Plaintiffs' motion for leadership. Martin Decl. ¶ 5.

### B. **Lieff Cabraser and Beasley Allen Are Best-Suited to Co-Lead the Classes Here**

As Plaintiffs' motion detailed, Proposed Co-Lead Class Counsel satisfy the Rule 23(g)(1) factors. Dkt. 41. Lieff Cabraser thoroughly investigated the facts and law concerning the Minor Sexualized Content claims, and particularly the AI CSAM Masha's Law and TVPA claims, and was the first to put forth such claims before this Court. Martin Decl. ¶ 3. Further, Lieff Cabraser has worked to advance early case management efforts, including filing a motion for an order to preserve evidence in light of Elon Musk's tweet that xAI would delete all user data uploaded to SpaceXAI (also known as xAI) prior to July 13, 2026 (Dkt. 49), and is currently working with Defendants to develop a proposed protective order to allow for the reveal of Plaintiffs' real names to Defendants (Dkt. 46). Martin Decl. ¶ 4.

Further, Proposed Co-Lead Class Counsel have extensive experience representing survivors (including minors) of sexual crimes and successfully litigating cases on their behalf. As set forth, Annika K. Martin is the head of Lieff Cabraser's Survivors' Rights practice group, and has served as class and lead counsel for survivors of sexual abuse in several complex litigations. *See, e.g., Doe v. University of Michigan*, No. 2:20-cv-10629 (E.D. Mich.) (appointed Class Counsel); *Lucy Chi v. University of Southern California, et al.*, No. 2:18-cv-4258 (C.D. Cal.) (appointed Co-Lead Class Counsel); *Richard Roe W.M., et al. v. Devereux Foundation, et al.*, No. 21-cv-2655 (E.D. Pa.) (leading federal lawsuits); *Doe v. Hotchkiss School*, No. 3:15-cv-160 (D. Conn.) (leading federal lawsuits). Michelle Lamy likewise has extensive experience representing individuals who have suffered from sexual abuse and sex trafficking. Furthermore, working closely with Lieff Cabraser, Vanessa Baehr-Jones is a former federal prosecutor in the Central and Northern Districts of California, where she prosecuted complex sex trafficking and

child exploitation cases and led global investigations into websites that targeted children. Ms. Baehr-Jones also has experience in complex civil litigation involving survivors of sexual abuse, as she served as lead class counsel in *B.P., et al v. Johnson City, Tennessee, et al*., 2:23-cv-71-TRM-JEM (E.D. Tenn.)

Dee Miles is head of Beasley Allen's Consumer Fraud and Commercial Litigation Section and is personally involved in every matter the Section handles. Mr. Miles has further served as the leader of several notable large complex litigations, including with trial experience. *See, e.g.*, *In re Reciprocal of America (ROA) Sales Pracs. Litig.*, MDL No. 1551 (W.D. Tenn.); *In re American General Life and Accident Ins. Co. Industrial Life Ins. Litig.*, MDL No. 1429 (D.S.C.); *In re Dollar General Corp. Fair Labor Standards Act Litig.*, MDL No. 1635 (N.D. Ala.); *Cohen, et al. v. Subaru Corp., et al.*, No. 1:20-cv-08442-JHR (D.N.J.); *Tucker Oliver, et al. v. Honda Motor Co., et al.*, No. 5:20-cv-006666-MHH (N.D. Ala.); *Sharon Cheng, et al. v. Toyota Motor Corp., et al.*, No. 1:20-cv-00629-WFK-CLP (E.D.N.Y.); *Weidman, et al. v. Ford Motor Co.*, No. 2:18-cv-12719 (E.D. Mich.); *Dickman, et al. v. Banner Life Ins. Co., et al.*, No. 1:16-cv-00192-WMN (D. Md.); and *Farris, et al. v. U.S. Fin. Life Ins. Co.*, No. 1:17-cv-417 (S.D. Ohio); *Bailey et al v. The NFL Player Disability & Survivor Benefit Plan et al.*, 1:23-cv-02661-JRR (D. Md.). He has held additional leadership roles in the Volkswagen “Clean Diesel” MDL, the Toyota Sudden Unintended Acceleration MDL, the Target and Home Depot Data Breach MDLs, and the Takata Airbag MDL Plaintiffs’ Steering Committee, among others.

While Lieff Cabraser and Beasley Allen are best positioned to serve as Co-Lead Class Counsel over the proposed classes involving Minor Sexualized Content, including AI CSAM, they would not oppose Berger Montague serving in leadership over claims related to AI-generated NCII of adults, which are claims no one disputes have been pioneered and pursued solely by Berger Montague.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion, Dkt. 41, and appoint Annika K. Martin and W. Daniel (Dee) Miles as Co-Lead Class Counsel over the proposed Nationwide Class (and Subclasses) pleaded in their complaints.

Alternatively, if the Court wishes to consider proposals from Intervenors before making an appointment, Plaintiffs request that the Court (1) keep the October 1, 2026 hearing on the calendar, (2) direct counsel for all four pending class actions to meet and confer and submit either an agreed joint proposal or short competing proposals identifying each proposed leadership structure and the qualifications supporting it by September 28, 2026, and (3) address interim leadership at the October 1, 2026 hearing, or as soon as possible.

Dated: September 22, 2026

Respectfully submitted,

By: */s/ Annika K. Martin*
Annika K. Martin

Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
Facsimile: 615.313.9965

Elizabeth J. Cabraser (SBN 83151)
Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
ecabraser@lchb.com
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Attorneys for Plaintiffs and the Proposed Classes of the Lieff Cabraser Action*

By: *W. Daniel "Dee" Miles*
W. Daniel "Dee" Miles

Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Taylor Applegate (SBN 357742)
taylora@salahilaw.com
Nicole Cabañez (SBN 365099)
nicolec@salahilaw.com
**SALAHI PC**
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: 415.236.2305

W. Daniel "Dee" Miles, III (*pro hac vice* forthcoming)
Alison D. Hawthorne (*pro hac vice* forthcoming)
Paul W. Evans (*pro hac vice* forthcoming)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555

Paul Byrd (*pro hac vice* forthcoming)
**PAUL BYRD LAW FIRM, PLLC**
Paul@paulbyrdlawfirm.com
415 N. McKinley St., Suite 210
Little Rock, AR 72205
Telephone: 501.420.3050
Facsimile: 501.420.3128

Aaron Cash (*pro hac vice* forthcoming)
**HERRERA LAW GROUP**
Cash@herreralawnwa.com
1821 S. 8th Street
Rogers, AR 72756
Telephone: 479.770.5292
Facsimile: 479.770.6042

*Attorneys for Plaintiffs and the Proposed Classes of the Beasley Action*