Isaac D. Chaput (Bar No. 326923)
Cecilia M. Bobbitt (Bar No. 345472)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
(415) 591-6000
ichaput@cov.com
cbobbitt@cov.com

Emily Johnson Henn (Bar No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306-2112
(650) 632-4700
ehenn@cov.com

*Counsel for Defendants Stability AI, Inc.
and Stability AI US Services Corporation*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE 1, et al.

Plaintiffs,

v.

X.AI CORP., et al.,

Defendants.

Civil Case No.: 5:26-cv-2246-PCP

**PARTIALLY UNOPPOSED ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

Pursuant to Civil Local Rule 7-11, Stability AI U.S. Services Corporation and Stability AI, Inc. (collectively, "Stability") respectfully move this Court for an order continuing the initial Case Management Conference currently scheduled for October 15, 2026, to 60 days after the hearing on Stability's anticipated motion to dismiss. A continuance is warranted in light of the early procedural posture of this case and numerous pending or anticipated motions that are likely to substantially impact the appropriate case schedule.

## FACTUAL BACKGROUND

On March 16, 2026, Jane Doe 1, Jane Doe 2, and Jane Doe 3 filed a class action complaint against X.AI Corp. ("X.AI"), Case No. 5:26-cv-2246-PCP. ECF No. 1. On March 17, 2026, the Initial Case Management Conference was set for June 16, 2026. ECF No. 6. On March 23, 2026, the case was reassigned (ECF No. 13) and the Initial Case Management Conference was reset to June 18, 2026. ECF No. 14. On June 12, 2026, Plaintiffs filed an Administrative Motion for Extension of Time to Serve Summons and Complaint, ECF No. 23, which the Court granted the following day, ECF No. 25. On June 16, 2026, the Initial Case Management Conference was again continued to August 13, 2026. ECF No. 24. On July 7, 2026, Jane Does 1 through 5 filed an amended class action complaint ("Amended Complaint") against both Stability and X.AI. ECF No. 26. On August 5, 2026, Plaintiffs filed an administrative motion to continue the Initial Case Management Conference to allow sufficient time for service of process and appearance by Defendants. ECF No. 33. The Court granted this motion on August 7 and continued the Initial Case Management Conference to October 15, 2026. ECF No. 34. On August 6, 2026, Plaintiffs served the Amended Complaint on the Defendants. ECF Nos. 36–39.

Since then, three other proposed class actions arising from the same alleged conduct by X.AI have been related to or are pending before this Court: Doe I (No. 5:26-cv-00772-PCP), Doe III (No. 3:26-cv-08567-PCP), and Doe IV (No. 5:26-cv-09016-PCP). *See* ECF No. 69 at 2. Stability is not a party to any of those actions. On August 24, 2026, counsel for Plaintiffs in this action and Doe III moved for appointment of interim co-lead class counsel. ECF No. 41. Counsel in Doe I and Doe IV moved to intervene for the limited purpose of opposing that motion, and Doe I counsel alternatively sought their own appointment. ECF Nos. 53, 54. On the parties' stipulation, the Court continued the hearings on the leadership and intervention motions to October 15, 2026. ECF No. 69.

On October 2, 2026, plaintiffs in yet another set of related cases against X.AI (which again do not name Stability as a defendant) petitioned the Judicial Panel on Multidistrict Litigation to create an MDL. *See In re: X.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205. While the filing parties did not serve counsel for Stability (who have appeared in this action and should, under the Panel Rules, have been served), counsel learned of the filing through the JPML ECF system. Declaration of Isaac D. Chaput ("Chaput Decl.") ¶ 2.

The parties have had no meaningful opportunity to confer regarding the case schedule. Plaintiffs did not request to meet and confer regarding the upcoming Case Management Conference until the afternoon of Friday, October 2, and did not provide their position statement until the evening of Tuesday, October 6. *Id.* ¶ 3. The parties conferred on October 7, and Stability asked Plaintiffs to stipulate to a continuance of the Initial Case Management Conference. *Id.* ¶ 4. Plaintiffs refused to so stipulate, but X.AI agreed.[1] *Id.*

This Court's Standing Order for Civil Cases permits the parties to "stipulate to hold the initial CMC 60 days or more after the hearing" when "a pending motion to dismiss is dispositive of an entire case." Standing Order for Civil Cases at 2. Stability intends to file a motion to dismiss that would seek to dispose of all of Plaintiffs' claims against it. Chaput Decl. ¶ 7.

**ARGUMENT**

The Court may modify a scheduling order on a showing of "good cause." Fed. R. Civ. P. 16; Standing Order for Civil Cases at 2. Good cause to continue the Initial Case Management Conference exists for several reasons: the parties, claims, and court in which this case will proceed are all unsettled.

**The Parties.** Until the Court resolves the leadership and intervention motions (*see, e.g.*, ECF Nos. 50, 53, 54, 60), currently set for hearing on October 15, Defendants cannot effectively meet and confer under Rule 26(f) on a discovery plan, case schedule, or related topics. In addition, any schedule set now would inevitably need to be revisited once interim class counsel are appointed and the related

[1] Counsel for X.AI separately asked all parties to stipulate to a stay of this action pending resolution of the JPML petition. Plaintiffs did not agree; Stability consented, subject to a limited exception to permit its forthcoming motion to sever the claims asserted against it from those asserted against X.AI. Chaput Decl. ¶ 5.

actions are coordinated or consolidated. Further, as discussed above, Stability intends to file within the coming days a motion to sever the claims asserted against it from those asserted against X.AI. If the Court grants Stability's motion to sever, any case schedule would need to be amended as a result. Finally, Plaintiffs recently informed Defendants that they intend to seek leave to file a consolidated class action complaint, which only further underscores the early posture of this case. Chaput Decl. ¶ 6.

**The Court.** Plaintiffs in a series of similar actions pending only against X.AI recently petitioned the JPML to form an MDL and transfer this action into it. *In re x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205. Responses to that petition are due on October 27, 2026 and the earliest the JPML will hear the petition is December 3, 2026. Notice of Filing & Publication of Briefing Schedule, *In re x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205 (J.P.M.L. Oct. 6, 2026), ECF No. 5. Party and judicial resources would be wasted if this action ultimately coordinated into an MDL in another district.

**The Claims.** Stability intends to file a motion to dismiss in this matter. Holding an initial CMC and setting a full case schedule would waste party and judicial resources given the possibility that the motion will resolve the case (or, at least, require Plaintiffs to substantially amend their pleadings). *See Forrest v. Facebook, Inc.*, 2023 WL 17933, at *1 n.1 (N.D. Cal. Jan. 2, 2023) (continuing case management conference "in view of the parties' pending motions to dismiss"). Furthermore, it is presently difficult to meaningfully confer on scheduling and case management issues against the backdrop of the anticipated motion. If the Court proceeds to set a schedule now, it would almost certainly need to be revisited after resolution of Stability's motion to dismiss.

A continuance will not prejudice Plaintiffs. Plaintiffs themselves previously requested a continuance of the Initial Case Management Conference. *See* ECF No. 33. No discovery is needed to resolve any pending motion. In addition, no trial date has been entered and the requested time modification will not alter any dates or deadlines beyond those pertaining to the CMC and related discovery and alternative dispute resolution deadlines. *See Tyco Thermal Controls LLC v. Redwood Indus.*, 2010 WL 1526471, at *5 (N.D. Cal. Apr. 15, 2010) (the fact the trial date had not been set favors a finding of good cause). A continuance would thus have minimal effect on the case schedule.

A continuance will enable the parties to hold a more efficient and productive Rule 26(f) conference, to more effectively design merits and class certification schedules, to tailor discovery, and to efficiently use the Court's time at the Initial Case Management Conference. *See e.g.*, Order, *Cole v. LinkedIn Corp.*, No. 5:25-cv-1097-PCP, (N.D. Cal. Apr. 11, 2025) (ECF No. 24) (granting administrative motion to continue Initial Case Management Conference before the motion to dismiss had been filed).

**CONCLUSION**

For the foregoing reasons, Stability respectfully requests that the Court continue the Initial Case Management Conference currently scheduled for October 15, 2026 until 60 days after the hearing on Stability's forthcoming motion to dismiss, and continue all related deadlines accordingly.

Dated: October 8, 2026

Respectfully submitted,

COVINGTON & BURLING LLP

By: *<u>/s/ Isaac D. Chaput</u>*

Isaac D. Chaput
Cecilia M. Bobbitt
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
(415) 591-6000
ichaput@cov.com
cbobbitt@cov.com

Emily Johnson Henn
COVINGTON & BURLING LLP
3000 El Camino Real, 5 Palo Alto Square
Palo Alto, CA 94306-2112
(650) 632-4700
ehenn@cov.com

*Counsel for Defendants Stability AI, Inc. and Stability AI US Services Corporation*