[Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, et al., on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP. et al.,<br><br>Defendants. | Case No. Case No. 5:26-cv-2246-PCP<br><br>**JOINT SUR-REPLY AND PLAINTIFFS' AGREED PROPOSAL FOR RESOLUTION OF MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** |
| JANE DOE I, et al., on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 3:26-cv-08567-PCP |
| JANE DOE, et al., on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-00772-PCP |
| JANE DOE 1, et al., on behalf of herself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-9016-PCP |

## TABLE OF CONTENTS


**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... II

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

- A. The Related Class Cases .......... 2
- B. Prior Interim Class Counsel Motion and Resolution of Procedural Motions .......... 3
- C. Motion for Transfer of Actions Before the Judicial Panel on Multidistrict Litigation .......... 3
- D. Amended Joint Request for Appointment as Interim Co-Lead Counsel and Motion to Consolidate and Coordinate Actions .......... 4

III. LEGAL STANDARD .......... 4

IV. APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE AT THIS TIME. .......... 5

- A. Appointment of Interim Class Counsel is Appropriate at this Stage. .......... 5
  - 1. Formal Designation of Interim Counsel is Appropriate at This Time. .......... 5
  - 2. The Pending MDL Petition and Stay Motion Are Not Reasons To Delay Appointment. .......... 8
- B. Counsel Are Well Suited to Represent the Proposed Classes .......... 9
  - 1. Proposed Interim Class Counsel Thoroughly Investigated the Underlying Facts and Have Coordinated Early Case Management Efforts (Rule 23(g)(1)(A)(i)) .......... 9
  - 2. Proposed Interim Class Counsel Has Extensive Experience with Survivors' Rights Class Actions and Knowledge of the Relevant Law (Rule 23(g)(1)(A)(ii)–(iii)). .......... 11
  - 3. Proposed Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv)). .......... 13

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Azpeitia v. Tesoro Refining & Mktg. Co. LLC*,
No. 17-cv-00123-JST, 2017 WL 4071368 (N.D. Cal. Sep. 14, 2017) .......... 2, 5

*Bartling v. Apple Inc.*,
No. 5:18-cv-00147-EJD, 2018 WL 4804735 (N.D. Cal. Apr. 27, 2018) .......... 5

*Dependable Component Supply Corp. v. Murata Mfg. Co.*,
No. 5:18-cv-00198-EJD, 2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) .......... 5

*Diaz v. Univ. of S. Cal.*,
No. CV 20-4066-DMG, 2020 WL 5044419 (C.D. Cal. July 17, 2020) .......... 7

*In re Meta Pixel Healthcare Litig.*,
No. 22-cv-03580-WHO, 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) .......... 11

*O'Donnell v. Charter Commc'ns, Inc.*,
No. 4:25-CV-157-ZMB, 2025 WL 3254516 (E.D. Mo. Nov. 21, 2025) .......... 6

*Roe v. Arch Coal, Inc.*,
No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288 (E.D. Mo. Nov. 2, 2015) .......... 6

*In re Seagate Tech. LLC Litig.*,
No. 16-cv-00523-RMW, 2016 WL 3401989 (N.D. Cal. June 21, 2016) .......... 6

**Court Rules**

Fed. R. Civ. P. 1 .......... 2

Fed. R. Civ. P. 2.1(d) .......... 8

Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. .......... 5

Fed. R. Civ. P. 23(g) .......... 2, 6, 13

Fed. R. Civ. P. 23(g)(1)(A) .......... 4, 5, 9

Fed. R. Civ. P. 23(g)(1)(A)(i) .......... 9, 10

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv) .......... 5

Fed. R. Civ. P. 23(g)(1)(B) .......... 5

Fed. R. Civ. P. 23(g)(3) .......... 1, 4, 5

Fed. R. Civ. P. 42 .......... 1

## TABLE OF AUTHORITIES
**(continued)**

**Page**

### Treatises

Manual Complex Lit. § 21.11 (4th ed.) .......... 2, 5, 6

Manual for Complex Litig. § 10.221 (4th ed. 2004) .......... 7, 13

Manual for Complex Litigation § 20.131 (4th ed. 2004) .......... 8

Manual for Complex Litigation § 20.132 .......... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs in the above-captioned cases ("Related Class Cases")[1] ask the Court to exercise its discretion under Federal Rule of Civil Procedure 23(g)(3) to appoint interim class counsel at this time.[2]

Plaintiffs, individually and on behalf of others similarly situated, have brought claims against SpaceXAI Corp. (f/k/a X.AI Corp.), SpaceXAI LLC (f/k/a X.AI LLC), and SpaceXAI Holdings LLC (f/k/a X.AI Holdings LLC) (together, "xAI Defendants") under various federal and state causes of action stemming from xAI's Grok tool's alleged generation and dissemination of non-consensual sexual imagery depicting Plaintiffs. The Court has now related the four class cases and one individual (non-class) case pending in this District, *Doe I*, Dkts. 25, 79, and denied xAI's motions to transfer and stay *Doe I*, Dkt. 80. In light of these procedural developments, Plaintiffs and counsel in the Related Class Cases have conferred and, with leave of the Court, respectfully submit this sur-reply in support of appointment of their counsel as Interim Co-Lead Class Counsel ("Proposed Interim Class Counsel"), in lieu of the proposal originally proffered by Plaintiffs for *Doe II* and *Doe III*. *Doe II*, Dkt. 41.

Plaintiffs propose the appointment of four interim co-lead counsel to lead the class actions: E. Michelle Drake of Berger Montague, Annika K. Martin of Lieff Cabraser Heimann and Bernstein, W. Daniel (Dee) Miles of Beasley Allen Law Firm, and Dena C. Sharp of Girard Sharp LLP. Proposed Interim Class Counsel are experienced attorneys with expertise in complex litigation involving data privacy, sexual assault and abuse, and artificial intelligence. Their respective law firms investigated and filed the claims before the Court, are working to advance the cases, have the resources necessary to efficiently prosecute the Related Class Cases on behalf of the proposed classes, and will dedicate the necessary human and financial capital to prosecute these actions.

While appointment of interim class counsel under Rule 23(g)(3) may not always be warranted in the early stages of litigation, it is appropriate when there are "overlapping, duplicative, or competing suits" and appointment "clarifies responsibility for protecting the interests of the class during precertification

---

[1] *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-00772-PCP (N.D. Cal.) ("*Doe I*"); *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-2246-PCP (N.D. Cal.) ("*Doe II*"); *Jane Doe 1 v. X.AI Corp et al.*, No. 3:26-cv-08567-PCP ("*Doe III*"); *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-09016-PCP (N.D. Cal.) ("*Doe IV*").

[2] In parallel, Plaintiffs will request that the Court consolidate under Rule 42 the Related Class Cases and coordinate all related actions under a master docket.

activities." Manual Complex Litigation § 21.11 (4th ed. 2004); *see Azpeitia v. Tesoro Refining & Mktg. Co. LLC,* No. 17-cv-00123-JST, 2017 WL 4071368, at *2–3 (N.D. Cal. Sep. 14, 2017) (appointing interim lead counsel in "the early stages of litigation" where appointment would "promote judicial efficiency"). Those circumstances are present here, as the Related Class Cases before this Court involve overlapping and duplicative claims asserted on behalf of overlapping classes, and appointment will clarify responsibility and communication channels concerning the highly sensitive evidence implicated by these cases, all in service of advancing the litigation.

That an MDL petition has recently been filed does not materially change the calculus. The filing of an MDL petition imposes no stay; to the contrary, the Panel often looks to centralize cases in the jurisdiction where they are most procedurally advanced. In any event, the only class actions that (arguably) fall within the ambit of the MDL petition are those before this Court.

As described in Plaintiffs' forthcoming Motion to Consolidate, by exercising its discretion at this time to consolidate/coordinate the Related Cases and appoint interim co-lead counsel over the consolidated Related Class Cases, this Court will promote the expeditious advancement of these important cases in accordance with Rule 1.

## II. BACKGROUND

### A. The Related Class Cases

There are currently four proposed class actions pending against the xAI Defendants for Grok's generation and/or distribution of non-consensual sexualized images of the named plaintiffs and members of the proposed classes—all four of which are related before this Court.[3] The first of the four actions was filed on January 23, 2026, with three additional complaints filed in separate cases through the end of August 2026.[4] The Related Class Cases are in their early stages: no defendant has answered or moved to dismiss, and the first initial case management conference is scheduled for October 15 at 2 p.m. *See Doe II*, Dkt. 34.

The Related Class Cases allege that xAI intentionally designed its Grok AI model to generate

[3] There is also one individual (non-class) related case pending in this District: *Jane Doe 1, et al. v. x.AI Corp. et al*., No. 5:26-cv-9617 (the *Doe V* Action). While Plaintiffs are prepared to coordinate the Related Class Cases with the *Doe V* Action, the appointment sought here is under Rule 23(g) and thus does not extend to the (non-class) *Doe V* Action.

[4] Additional detail about each of the Related Class Cases is available in the Reply, Dkt. 60 at 8–11.

sexualized content and released the model without industry-standard protections against the creation and dissemination of sexually abusive material. *See Doe I*, Dkt. 28 ¶¶ 42-101; *Doe II*, Dkt. 26 ¶¶ 33-35, 63-81; *Doe III*, Dkt. 1 ¶¶ 59-73; *Doe IV*, Dkt. 1 ¶¶ 42–63. In each case, the named plaintiffs were the subjects of non-consensual sexualized images generated and/or distributed by Grok. *See Doe I*, Dkt. 26 ¶¶ 102-154; *Doe II*, Dkt. 28 ¶¶ 132-190; *Doe III*, Dkt. 1 ¶¶ 112-131; *Doe IV*, Dkt. 1 ¶¶ 78-92. Each of the Related Class Cases includes claims on behalf of individuals who were depicted as minors in explicit content generated by Grok. *See Doe I*, Dkt. 26 ¶ 156; *Doe II*, Dkt. 28 ¶ 194; *Doe III*, Dkt. 1 ¶ 134; *Doe IV*, Dkt. 1 ¶ 94. *Doe I* also asserts claims on behalf of individuals who were depicted in explicit AI-generated content as adults. *Doe I*, Dkt. 26 ¶ 156

### B. <u>Prior Interim Class Counsel Motion and Resolution of Procedural Motions</u>

On August 24, 2026, Plaintiffs in *Doe II* and *Doe III* filed the Motion for Appointment as Interim Co-Lead Class Counsel. *Doe II*, Dkt. 41. The motion requests that counsel for *Doe II* and *Doe III* be appointed interim co-lead counsel over claims by those who had Grok-generated sexualized content created of themselves as minors. *Id.*; Dkt. 60.

On September 15, 2026, Plaintiffs in *Doe I* and *Doe IV* filed Motions to Intervene for the limited purpose of responding to the *Doe II* and *Doe III* leadership motion. *Doe II*, Dkts. 53, 53-7, 54. Both motions argued that a leadership appointment would impact all of the Related Class Cases, given their overlapping subject matter and class definitions, and would be premature, given the then-pending motions in *Doe I* to relate the cases, and xAI Defendants' motions to transfer and stay. *Id.*, Dkt. 53-7 at 5-6; 54 at 6-7. The Court set an October 1 hearing on those motions and subsequently reset the hearing to October 15 at the stipulated request of the parties in the four Related Class Cases. *Id.*, Dkt. 69.

On September 22, 2026, the Court issued an order relating the four Related Class Cases, along with one individual (non-class) case related to the same subject matter against the xAI Defendants. *Doe I*, Dkt. 79. On September 28, 2026, the Court denied xAI's motions to transfer and stay in *Doe I*. *Id.*, Dkt. 80.

### C. <u>Motion for Transfer of Actions Before the Judicial Panel on Multidistrict Litigation</u>

On October 2, 2026, counsel for eight individual (non-class) actions pending in the Western District of Arkansas filed a motion for transfer of three of the Related Class Cases and the other related individual

(non-class) action currently pending before this Court to the Western District of Arkansas under 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. *See In Re: x.AI/Grok A.I. Minor Sexual Exploitation Litig.*, MDL No. 3205 (J.P.M.L. Oct. 2, 2026), Dkt. 1-1 ("MDL Petition"). The MDL Petition is predicated on common allegations that xAI's Grok created "non-consensual intimate imagery, and sexually explicit deepfakes of real, identifiable children and minors." *Id*. at 2–3. The MDL Petition does not request the transfer of *Doe I*, the first-filed of the Related Class Cases, although that action also proposes a class that includes individuals who had their images as minors altered by Grok to create explicit material. *In Re: x.AI/Grok A.I. Minor Sexual Exploitation Litig.*, Dkt. 1-2 *see also* Doe I, Dkt. 28. To Plaintiffs' knowledge, the only class actions addressing this subject matter are the Related Class Cases before this Court.[5]

### D. Amended Joint Request for Appointment as Interim Co-Lead Counsel and Motion to Consolidate and Coordinate Actions

Following the Court's order relating the Related Class Cases and its denial of the motions to transfer and stay in *Doe I*, counsel for the Related Class Cases have continued to confer about how to best manage and litigate the Related Class Cases. *See* Martin Decl. ¶ 2. They have, subject to the Court's approval, come to an agreed-upon structure for leadership and the coordination and consolidation of related actions pending before the Court that they believe will result in the efficient, joint resolution of the proposed classes' claims against xAI Defendants. *See* Martin Decl. ¶ 3.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Under Rule 23(g)(1)(A), the court must consider: (i) "the work counsel has done in identifying or investigating potential claims in the action"; (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (iii) "counsel's knowledge of the applicable law"; and (iv)

[5] Given that the MDL Petition implicates only two districts, alternative measures of coordination have not been exhausted by the movant, and no related class action has been filed outside of the Northern District of California (to counsel's knowledge), Plaintiffs for the Related Class Cases may oppose the transfer motion in favor of remaining in this Court or, in the alternative, may support centralization of any MDL before this Court.

"the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Under Rule 23(g)(1)(B), the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Appointment of interim class counsel is appropriate when "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-cv-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (internal citation omitted). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Azpeitia*, 2017 WL 4071368, at *2 (quoting Manual for Complex Litigation, *supra* § 21.11).

## IV. APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE AT THIS TIME.

As detailed below, appointment of interim class counsel is appropriate at this stage of the litigation and the Rule 23(g)(1)(A) factors support appointing Proposed Interim Co-Lead Class Counsel.

### A. Appointment of Interim Class Counsel is Appropriate at this Stage.

#### 1. Formal Designation of Interim Counsel is Appropriate at This Time.

Appointment of interim class counsel is appropriate now because this litigation presents the precise circumstances Rule 23(g)(3) was designed to address. Four independently filed class actions are pending before this Court, brought by different law firms at different times, asserting overlapping but not identical nationwide classes, as well as various state subclasses, against the same Defendants for related harms. The existence of these "overlapping, duplicative, or competing class suits," merits the appointment of interim class counsel to ensure consistency and efficiency across the cases and any additional overlapping class actions that may be filed in the future. *See Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018); *see also* Manual for Complex Litigation, *supra*, § 21.11 (explaining that when "there are a number of overlapping, duplicative, or competing suits pending in other courts," the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities"); *cf.* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment ("In

some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.”).

Here, Berger Montague opposed the original motion and alternatively requested appointment as interim co-lead counsel, *Doe II*, Dkt. 53-7 at 13, and Girard Sharp asked that its counsel be permitted to present their qualifications “as part of a Rule 23(g) leadership process.” *Id*., Dkt. 54 at 8. The coordinated structure proposed here resolves that competition, and it is precisely the circumstance in which courts find appointment warranted.

That Plaintiffs’ counsel have now reached agreement on a proposed leadership structure does not eliminate the need for appointment, but rather supplies a cooperative means of establishing that structure, subject to the Court’s independent assessment under Rule 23(g) and consistent with the Manual for Complex Litigation, *supra*, § 21.11. Here, counsel who previously advanced different positions concerning leadership have worked to reach agreement on a joint proposal for the Court’s consideration. Their resolution of that disagreement supports approval of the proposed structure; it does not make that structure unnecessary.

While courts in this District have declined to appoint interim counsel where counsel “intended to cooperate with one another from the start of the case,” it has distinguished cases in which the firms “would have competed against each other had they not resolved to work together.” *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (distinguishing *Roe v. Arch Coal, Inc.*, No. 4:15-CV-910 (CEJ), 2015 WL 6702288 (E.D. Mo. Nov. 2, 2015)). In *Roe*, the court appointed interim co-lead counsel over the defendant’s objection “that no other counsel currently is competing for appointment,” because plaintiffs’ counsel “would be competing for appointment as interim lead counsel but for having amicably resolved to work together to avoid any unnecessary delay in litigating the pending actions.” 2015 WL 6702288, at *3; *see also O’Donnell v. Charter Commc’ns, Inc.*, No. 4:25-CV-157-ZMB, 2025 WL 3254516, at *2 (E.D. Mo. Nov. 21, 2025) (appointing previously competing movants as co-lead interim class counsel on their joint application because “the recent willingness of both counsel to agree to work together shows that they are able to put the best interest of the class ahead of their own interests”).

A joint leadership structure is also warranted where, as here, there are multiple proposed classes that

overlap but are not identical, making each group "sufficiently dissimilar to justify giving them representation in decision making." *Diaz v. Univ. of S. Cal.*, No. CV 20-4066-DMG (PVCX), 2020 WL 5044419, at *4 (C.D. Cal. July 17, 2020) (quoting Manual for Complex Litigation, *supra*, § 10.221) (appointing tripartite co-lead structure over multiple overlapping classes). Appointment of Proposed Interim Class Counsel now will ensure that all the classes and subclasses pled in the Related Class Cases will have their interests fully protected and pursued.

The overlapping legal theories across the class actions also make coordinated leadership the most efficient course. *Doe II*, *Doe III*, and *Doe IV* each assert federal claims under Masha's Law, 18 U.S.C. §§ 2255, 2251, 2252A, arising from the same underlying conduct—Defendants' alleged failure to prevent Grok from generating and distributing child sexual abuse material ("CSAM"). *Doe II*, Dkt. 26; *Doe III*, Dkt. 1; *Doe IV*, Dkt. 1. *Doe I*, *Doe II*, and *Doe III* each assert strict liability and negligence claims arising from the same alleged design defect in Grok. *Doe I*, Dkt. 28; *Doe II*, Dkt. 26; *Doe III*, Dkt. 1. As currently pled, however, some actions assert causes of action not asserted by others, and take inconsistent approaches to subclassing.

Formal appointment would establish defined lines of authority and responsibility for work affecting all of the proposed classes. The four separately filed complaints assert overlapping but non-identical claims and take different approaches to class and subclass definitions. Decisions about a consolidated pleading, preservation priorities, and the development of common evidence therefore require consideration of interests extending beyond the plaintiffs and proposed class(es) represented in any one action. Appointment would expressly charge Proposed Interim Class Counsel with managing that work across the Related Class Cases and make them accountable to the Court for their performance.

And those responsibilities are immediate. Counsel have already undertaken preservation efforts directed to Defendants and relevant law enforcement agencies, and a motion for a preservation order is pending. *Doe II*, Dkt. 49. Counsel seek to promptly coordinate follow-up on those efforts, identify issues requiring judicial resolution, and develop consistent proposals for handling the highly sensitive evidence implicated by these cases. The proposed appointment order establishes authority to Interim Class Counsel to perform that work and charges counsel with responsibility for directing and allocating that work, while avoiding duplicative efforts and expenses. Proposed Order ¶ 1. An appointment order also vests the

attorneys with authorization to present the proposed classes' collective position on important threshold matters to the Court and Defendants.

Appointment is also necessary here because of the extensive interactions with third parties, including law enforcement, this case will require. Formal appointment will enable Plaintiffs' counsel to effectively manage these relationships. Those interactions may concern evidence involving multiple victims, including individuals who are not named plaintiffs, and require consistent arrangements for preservation, lawful access, confidentiality, and secure and specialized handling of CSAM and other sexualized content. An appointment order issued by this Court would allow counsel to articulate the scope of their Court-authorized role and the attorneys responsible for coordinating those issues across the Related Class Cases. And it would provide third parties with specified lawyers accountable for implementing any resulting protocols and court orders. In short, Court-ordered appointment now will establish responsibility for pursuing the appropriate process and coordinating compliance with its requirements.

Counsel's willingness to cooperate is essential to that work, but their ability to collaborate in the short term does not itself constitute – or substitute for – the Court's approval of their proposed authority and responsibilities. Appointing leadership now would put that structure into operation while the common pleading and evidence-management issues are being addressed, when coordinated decisions can prevent duplication and inconsistent approaches.

### 2. The Pending MDL Petition and Stay Motion Are Not Reasons To Delay Appointment.

The recently-filed MDL Petition does not require the Court to defer appointment. Panel Rule 2.1(d) provides that a pending transfer motion neither suspends district-court proceedings nor limits the district court's pretrial jurisdiction. The Manual likewise counsels against automatically postponing rulings or suspending proceedings merely because a transfer motion is pending. Manual for Complex Litigation, *supra*, § 20.131. What matters is whether appointing interim counsel for the Related Class Cases would serve the interests of those cases while the Panel considers transfer – and here it would.

The requested appointment is limited to the four Related Class Cases already before this Court. Those are the only pending class actions against xAI Defendants arising from the subject matter of these cases. The MDL Petition identifies additional individual actions, but proposed Interim Class Counsel do not

seek appointment over those individual cases. The Court may appoint interim class counsel for the Related Class Cases at this time to advance the cases, without preordaining how any broader proceeding should be organized.

Nor would appointment at this time prejudge the Panel's decision or restrict a transferee court's authority. If the Panel denies the petition, the appointment will have served the present needs of these cases. If the Panel grants the petition, the coordinated preservation efforts, evidence-management proposals, and allocation of common work undertaken in the interim can help the parties in the resulting proceeding hit the ground running in the transferee court, which in any event would retain authority to revisit the leadership structure as appropriate. *See* Manual for Complex Litigation, *supra*, § 20.132. The possibility of a later change in forum does not eliminate the present need and benefit of identifying counsel responsible for protecting the proposed classes in the interest of advancing the litigation.

XAI Defendants' stay motion, *Doe II*, Dkt. 70, does not supply a separate reason to postpone that decision. Whether particular litigation activities should proceed while the Panel considers transfer is distinct from who should bear responsibility for representing the proposed classes during that period. Appointment itself would not require Defendants to litigate the merits or to engage in duplicative discovery and case management activities across the pending actions. The Court can decide the scope of any stay separately, with the benefit of an identified leadership structure authorized to present a coordinated position for the Related Class Cases. The Court therefore can and should proceed with appointment, as it is in the best interests of the proposed classes, suits the current needs of Related Class Cases, and will not impact the relief requested in Defendants' stay motion or the MDL Petition.

### B. <u>Counsel Are Well Suited to Represent the Proposed Classes.</u>

Every factor under Federal Rule of Civil Procedure 23(g)(1)(A) favors appointment of the proposed leadership structure.

#### 1. <u>Proposed Interim Class Counsel Thoroughly Investigated the Underlying Facts and Have Coordinated Early Case Management Efforts (Rule 23(g)(1)(A)(i)).</u>

Counsel in *Doe I* performed substantial work in "identifying or investigating potential claims in the action" for claims related to NCII. Fed. R. Civ. P. 23(g)(1)(A)(i). *Doe I* Counsel filed the first proposed

nationwide class action against xAI related to its AI-model creating non-consensual obscene images of individuals. *Doe I*, Dkt. 1.

*Doe II* Counsel similarly performed notable work in identifying potential claims as related to minors. Fed. R. Civ. P. 23(g)(1)(A)(i). The first-filed complaint including minors was the result of an extensive investigation into generative AI models and the industry-standard regulations Defendants failed to implement to prevent the creation of AI-generated CSAM and minor sexualized content. Martin Decl. ¶ 4. *Doe II* was the first complaint to develop and bring AI CSAM-specific claims under Masha's Law and the Trafficking Victims Protection Act ("TVPA"). *Id*. Counsel investigated the matters and performed factual and legal research prior to filing their complaint, in addition to extensive consultation with several experts. *Id.* at ¶ 5.

*Doe II* Counsel have since diligently pursued the case. *Doe II* Counsel served detailed preservation letters with the complaint to relevant law enforcement investigating related criminal actions and sent preservation letters to xAI's counsel prior to service after Elon Musk posted that "all user data that was uploaded to SpaceXAI before now will be completely and utterly deleted" on July 13, 2026. *Id*. at ¶ 6. They also have filed a motion for a preservation order. *Doe II*, Dkt. 49.

*Doe III* Counsel likewise performed substantial work in identifying and investigating potential claims on behalf of Arkansas minors and their families. *Doe III* Counsel worked with Arkansas counsel, who has communicated with the Bentonville Police Department, to identify the claims of Arkansas minors whom law enforcement identified among the recovered CSAM material. That work and legal research led *Doe III* Counsel to assert claims under Arkansas' 2025 deepfake statute. *Doe III*, Dkt. 1, Count 7.

*Doe IV* Counsel, including counsel who focus their practice on cases on behalf of CSAM victims, carefully investigated the claims of Plaintiff Jane Doe 1, an adult survivor of childhood sexual abuse and the subject pre-existing CSAM. Those efforts include careful development of the legal theories under Masha's Law (18 U.S.C. § 2255) and related anti-child pornography statutes, and close consultation with law enforcement officials and other organizations devoted to stemming the proliferation of online CSAM to understand how xAI's Grok became a prolific generator and distributor of AI-generated CSAM depicting real victims.

Proposed Interim Class Counsel's early commitment to the thorough and expedient litigation of

claims on behalf of class members weighs in favor of appointment. *See In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022) (appointing counsel that had "done the most work to identify and investigate the potential claims," and "discussed the preservation and production of relevant information").

**2. Proposed Interim Class Counsel Has Extensive Experience with Survivors' Rights Class Actions and Knowledge of the Relevant Law (Rule 23(g)(1)(A)(ii)–(iii)).**

Individually, each Proposed Interim Class Counsel law firm brings substantial experience managing complex class actions and litigating the types of claims asserted here. Collectively, Proposed Interim Class Counsel brings a wealth of experience and tailored knowledge that will serve the proposed classes.

In the interest of efficiency, Counsel will refrain from repeating their qualifications here, and instead refer the Court to where those qualifications can be found in the record. For Berger Montague, *see* Dkt. 53. For Lieff Cabraser and Beasley Allen, *see* Dkt. 41 and 60. The exception is Girard Sharp, who have not previously presented their qualifications and therefore do so below.

Girard Sharp is a preeminent complex litigation and trial firm. Partner Dena Sharp has led a variety of complex civil matters, including as co-lead counsel in the landmark *In re JUUL Labs, Inc. Marketing, Sales Practices & Products Liability Litigation* MDL, which resulted in over $2 billion in recoveries, $235 million of which in a settlement with Altria reached in the midst of a bellwether trial. *See* No. 3:2019-md-02913 (N.D. Cal.). Ms. Sharp and the firm also served as trial counsel for the plaintiffs in *In re Pacific Fertility Center Litigation*, where a first-of-its-kind trial resulted in a verdict of nearly $15 million for five IVF patients who lost eggs and embryos as a result of a cryopreservation tank failure. *See* No. 3:18-cv-01586-JSC (N.D. Cal.).

Importantly for this litigation, the firm has deep experience working with survivors in cases that involve providing victims and their families access to civil justice while managing highly sensitive evidence related to ongoing criminal investigations and prosecutions. In its current role as co-lead counsel in the *In re Roblox Child Exploitation and Assault* MDL, the firm represents children and families alleging grooming and exploitation on the online gaming platform. *See* No. 3:2025-md-03166 (N.D. Cal.). Girard Sharp lawyers also lead the *In re Uber Sexual Assault Litigation* MDL, including having secured an $8.5 million verdict against Uber on behalf of the plaintiff in the first *Uber* bellwether trial. In *In Re USC Student Health*

*Center Litigation*, the firm served as co-lead counsel in a class action against the University of Southern California and campus gynecologist Dr. George Tyndall on behalf of women who were sexually abused by Tyndall during his long tenure at USC, ultimately generating $215 million in recoveries for survivors. *See* No. 2:18-cv-04258-SVW-GJS (C.D. Cal.). The firm also represented survivors in a case involving UCLA campus gynecologist Dr. James Heaps, securing a $73 million settlement on behalf of victims. *See A.B. v. The Regents of the Univ. of Cal.*, No. 2:2020-cv-09555 (C.D. Cal.).

Through its leadership and innovation in these important cases, Girard Sharp has on-the-ground experience with early case management in litigation related to sexual abuse, including how best to protect identities and personal information and manage sensitive evidence, while navigating the litigation through targeted discovery and efficient coordination. Girard Sharp's leadership appointments in MDLs like *Juul, Roblox*, and *Uber* also demonstrate the significant human and financial resources that the firm is willing and able to devote to litigating complex, challenging cases to their strongest possible conclusion, including through trial where needed.

The Girard Sharp team on this case will include partner Andrew Kaufman, a seasoned litigator with significant trial experience who serves as co-chair of Law and Briefing in the *Uber* MDL and in leadership in *Roblox*, and thus has recent, directly-relevant experience developing innovative and tailored solutions to the management of sensitive evidence. Associate Muriel Kenfield-Kelleher has litigated nationwide class actions and cases on behalf of survivors of sexual abuse in federal court. Also available to provide input as needed are firm partners Sarah London, who has led the *Uber* and *Roblox* MDLs, and Adam Polk, who has a wealth of experience in complex class actions, including against tech companies for privacy violations. *See, e.g.*, *In re: Tempus AI, Inc. Genetic Priv. Litig.*, No. 1:2026-cv-01525 (N.D. Ill.) (Polk appointed co-lead counsel in case alleging misuse and illegal sale of genetic data by AI company); *In re Blue Shield of Cal. Priv. Litig.*, No. 4:25-cv-03209 (N.D. Cal.) (Polk appointed lead counsel in case alleging leak of private patient information through web-tracking technologies). The firm's resume, attached as Exhibit 1, describes some of the firm's additional strengths and successes.

Girard Sharp's co-counsel, Margaret Mabie of Marsh Law Firm and Micha Star Liberty of Liberty Law, focus their work on behalf of victims of sexual assault and abuse, including victims of child exploitation pursuing claims under Masha's Law, 18 U.S.C. §2255, and related anti-pornography statutes.

Ms. Mabie and Ms. Liberty will bring to bear their deep subject-matter expertise and survivor-focused advocacy on this litigation.

**3. Proposed Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv)).**

As their resumes and experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including through trial and appeals. Each law firm understands the time, energy, and skill required to lead this litigation and has committed to expending the resources necessary to ensure effective and efficient representation of the class, without the need for outside funding.

In addition to having practiced extensively throughout California and in this District, Lieff Cabraser, Berger Montague, and Girard Sharp have offices in this District, and they commit to taking full advantage of their local office facilities and staff—located in close proximity to the Court, as well as xAI's headquarters—in the best interests of the classes.

If appointed, and consistent with Rule 23(g) and the Manual for Complex Litigation § 10.221, Proposed Interim Class Counsel expect to discharge the duties set forth in the accompanying Proposed Order.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Proposed Interim Class Counsel as Interim Co-Lead Class Counsel to ensure the orderly prosecution of this litigation.

Dated: October 12, 2026 Respectfully submitted,

By: [signature]
Annika K. Martin

Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592
Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com

bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
Facsimile: 615.313.9965

Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Attorneys for Plaintiffs and the Proposed Classes in Doe 1, et al. v. x.AI Corp., et al., No. 5:26-cv-02246-PCP (N.D. Cal.) ("Doe II")*

By: *W. Daniel "Dee" Miles*_____
W. Daniel "Dee" Miles

Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Taylor Applegate (SBN 357742)
taylora@salahilaw.com
Nicole Cabañez (SBN 365099)
nicolec@salahilaw.com
**SALAHI PC**
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: 415.236.2305

W. Daniel "Dee" Miles, III (*pro hac vice* forthcoming)
Alison D. Hawthorne (*pro hac vice* forthcoming)
Paul W. Evans (*pro hac vice* forthcoming)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555

Paul Byrd (*pro hac vice* forthcoming)
**PAUL BYRD LAW FIRM, PLLC**
Paul@paulbyrdlawfirm.com
415 N. McKinley St., Suite 210
Little Rock, AR 72205

Telephone: 501.420.3050
Facsimile: 501.420.3128

Aaron Cash (*pro hac vice* forthcoming)
**HERRERA LAW GROUP**
Cash@herreralawnwa.com
1821 S. 8th Street
Rogers, AR 72756
Telephone: 479.770.5292
Facsimile: 479.770.6042

*Attorneys for Plaintiffs and the Proposed Classes in Doe 1, et al. v. x.AI Corp., et al., No. 3:26-cv-08567-PCP (N.D. Cal.) ("Doe III")*

By: <u>*E. Michelle Drake*</u>
E. Michelle Drake

Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
srios@bergermontague.com
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Telephone: (619) 489-0300

E. Michelle Drake (*pro hac vice*)
James Hannaway (*pro hac vice*)
**BERGER MONTAGUE PC**
emdrake@bergermontague.com
jhannaway@bergermontague.com
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5999

Shanon J. Carson (*pro hac vice*)
**BERGER MONTAGUE PC**
scarson@bergermontague.com
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215-875-3000

*Attorneys for Plaintiffs and the Proposed Classes in Doe, et al. v. x.AI Corp., et al., No. 5:26-cv-772-PCP (N.D. Cal.) ("Doe I")*

By: <u>*Dena C. Sharp*</u>
Dena C. Sharp

Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Sarah R. London (SBN 267083)
Andrew R. Kaufman (*pro hac vice* forthcoming)
Muriel Kenfield-Kelleher (*pro hac vice* forthcoming)
**GIRARD SHARP LLP**
dsharp@girardsharp.com
apolk@girardsharp.com
slondon@girardsharp.com

akaufman@girardsharp.com
mkelleher@girardsharp.com
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
micha@libertylaw.com
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Telephone: 510-645-1000

Margaret E. Mabie (*pro hac vice* forthcoming)
**MARSH LAW FIRM PLLC**
Margaretmabie@marsh.law
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296-9046

*Attorneys for Plaintiff and the Proposed Classes in Doe 1, et al. v. x.AI Corp., et al., No. 5:26-cv-9016-PCP (N.D. Cal.) ("Doe IV")*

**CERTIFICATE OF SERVICE**

I, Annika K. Martin, hereby certify that on October 12, 2026, I served the foregoing document on all counsel on record through the Court's CM/ECF filing system.

Annika K. Martin